BREAUX, C. J.
Plaintiff’s action is for separation from bed and board. She also sued to be decreed owner of certain property described in the petition, and for the dissolution of the community and a partition of the property. To that end she asks that all of the community property not susceptible of division be sold, and that the proceedings be referred to proper authority for the final division of the property. She also asks a judgment against defendant for alimony, at the rate of $30 per month, from April 1, 1904. Her pleadings set forth substantially that she and her husband had always been together at their home; she, as a dutiful wife, had done all she could to render him happy,' but about a year before this suit was brought she left him. She particularly charges that, for about three years before she took her leave from him, his treatment was abusive, harsh, and cruel, and rendered their living together an impossibility. He uttered epithets which she could not bear, and she avers that he went so far as to take a chair in hand in his attempt to make an assault upon her; that her health became impaired; that during the winter of 1893-94 she was seriously ill, none the less the defendant refused to call on her, and accompanied his refusal, as reported by one of his sons-in-law, with an opprobrious remark, which was, it must be said, very much out of place and inexcusable from a moral point of view.
It appears that, in search of health, she went to Florida to spend a few months with one of their daughters; that on her return defendant was heard to say that he would not permit her to return to the matrimonial domicile.
The foregoing is in the main an account of the wrongs she avers she has suffered at the hands of the stubborn old defendant.
In the answer of defendant, we find nothing showing a disposition to be unkind and harsh. Devotion as a husband, and anxiety to provide for his wife in all that was needful in the way of support and maintenance, are some of the grounds of his defense.
He avers that their matrimonial domicile and common dwelling is her home, as well as his own, and open to her whenever she wished to return; that she left it against his will, without the least reason or excuse. He expresses his willingness to support her. He has invited her to return, and still expects her to return with him. He further avers that all the property belongs to the community, and he cannot afford to pay alimony; that he is ill, his illness is serious, *1008 and he is now confined in a hospital and under the care of physicians.
The judge of the district court decided for defendant. In his opinion upon which his decree is based, he states that he was prompted to. decide against the plaintiff because plaintiff resides with one of her daughters, and the enmity which has arisen between the husband of this daughter and the defendant may have its influence upon the plaintiff. He further states that the ill health and the age of both parties may render them irritable and not duly kind to each other.
Plaintiff and defendant have been married many years. Three daughters are the issue of their marriage. They are married, and live at their respective homes. By dint of industry, as we understand, plaintiff and defendant have earned property sufficient to afford them support without the necessity of great exertion on their part during their remaining years.
The case is of an unusual character. The husband is weak, old, and feeble, an inmate of an asylum for the sick; the partner of his toils in his early manhood is also ill, and in her illness and irritated condition she declines to return to the matrimonial domicile.
Should we reverse the judgment and grant a separation of property, which may in time be followed by a divorce, it would sever the ties of matrimony, which should never be severed except for manifest legal cause. Plaintiff and defendant should, as married persons usually do, bear the infirmities of age together. W& do not think we should grant a divorce between persons of such ages on the showing here made by the testimony. Having managed to live together these many years, they should stay together in the evening of life, which they certainly can do by the exercise of a little patience and forbearance. They have lived together nearly half a century.
The witnesses in the case (who cannot be suspected of being swayed by sympathy of any kind, as are sometimes swayed the near kindred of the family, who testify) do not show that there exists such a condition between the parties as to render their living together unendurable.
The evidence in referring to the property shows that these parties are the fortunate owners of a two-story dwelling in the pretty and attractive town of Hammond. There should be room enough for two to live in’ such a house without one being very much in the way of the other.
The testimony does not show that defendant has been guilty of all that he is charged with. He has never refused to pay her accounts, nor is it shown by the weight of the testimony that he has ever offered to commit an assault on the person of the plaintiff. True, he is gruff, a Scotchman, the testimony shows; possibly an uncanny old Scotchman who has seen much of the rough side of life. He does not weigh his words. But all of this, when the parties are nearing the end of life’s course, should not be held sufficient' to obtain a judgment of separation from bed and board. These things, are to be borne with to some extent, at least. It may be slightly provoking, but not cause falling within the articles of the Code on the subject of separation.
It is quite true, as suggested by plaintiff’s counsel, that, if she were to recover a judgment, she would have 12 months within which to think of reconciliation, and during that time there might be reconciliation. May it not be answer enough to state that the parties will be more inclined to reconciliation before the day of judgment than after a judgment has been rendered, if one were to be rendered?
It is not by any means evident that any serious attempt has yet been made at reconciliation, nor is it evident that plaintiff has *1010 been repulsed and driven away from her home as charged by her.
With reference to the property—it is community property—we will here state that the plaintiff has taken steps in this suit to prevent the sale of the property. The defendant, on the other hand, does not manifest the least wish to dispose of the property. In ease the least attempt were made in that direction plaintiff is not without remedy. Neither is she without remedy, if the acts of the defendant were to become such as to render living with him unendurable.
But just at this time, with the evidence before us, we must decline to render a judgment of separation from bed and board.
It is therefore ordered, adjudged, and decreed ttiat the judgment appealed from is affirmed.