(60 South. 689.)

No. 19,362.

VATTER v. VATTER.

(Jan. 6, 1913. Rehearing Denied Feb. 3, 1913.)

(Syllabus by the Court.)

1. HUSBAND AND WIFE (§ 296*)—SEPARATION —PLEADING AND PROOF.

In a suit for a separation from bed and board, a general allegation of ill treatment, followed by a charge of nonsupport of the wife according to her station in life, is too vague and indefinite to warrant proof of specific acts of ill treatment not connected with the matter charged in the petition.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1089; Dec. Dig. § 296.*]

2. HUSBAND AND WIFE (§ 288*)—SEPARATION —ILL TREATMENT—CONDONATION.

Where the parties lived together as man and wife for years after the date of the ill treatment testified to by the witnesses, the doctrine of condonation is peculiarly applicable.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1077; Dec. Dig. § 288.*]

3. HUSBAND AND WIFE (§ 283*)—SEPARATION —GROUNDS—PROOF.

Where the parties have lived together as man and wife for many years, and there are minor children of the marriage, the cause to justify a separation must be specifically alleged and clearly proven.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1062–1073; Dec. Dig. § 283.*]

Appeal from First Judicial District Court, Parish of Caddo; E. W. Sutherlin, Judge.

Action by Mrs. Annie Vatter against Henry Vatter for separation. Judgment for defendant, and plaintiff appeals. Affirmed.

L. C. Butler and Alexander & Wilkinson, all of Shreveport, for appellant. Herndon & Herndon, of Shreveport, for appellee.

LAND, J. This is a suit for separation from bed and board. There was judgment in favor of the defendant, and plaintiff has appealed.

The petition represents that the plaintiff and defendant were married in 1889, and that five children were born of the marriage, four of whom were minors.

The petitioner alleges that the defendant has practiced toward her such ill treatment as to render their living together insupportable; that defendant, although owning considerable property accumulated during the marriage, has been at all times so utterly penurious that petitioner has been deprived of the necessities, as well as the pleasures due to one in her station of life; that petitioner, while in the matrimonial domicile, has been required to lead a life of such drudgery and of so menial a character as to be outrageous; that defendant has been and is habitually intemperate.

The petitioner alleges that the community

property was worth about $25,000; that the defendant had, a few days before the filing of the suit, sold all the community real estate, worth $18,000, for $13,000 in cash and notes, and was about to dispose of the remainder of the community property, and to permanently depart from the state of Louisiana.

Plaintiff sued out a writ of injunction to restrain the defendant from disposing of the community property.

Plaintiff prayed for a judgment of separation from bed and board, awarding her the custody of her children.

For answer, the defendant, after pleading the general issue, admitted the marriage and the issue thereof, as alleged in the petition. Further answering, the defendant, in substance, averred that the plaintiff had virtually abandoned their home for the last two years, and had refused to perform her duties as wife and mother, and had absented herself against the defendant's protest, claiming to be preparing herself for a nurse at the Shreveport Charity Hospital. Defendant, for further answer, averred that he was ready and willing to take the plaintiff to his home and care for her and their children to the extent of his means.

The defendant is a German, who came to this country when he was 18 years of age. He married the plaintiff in 1889, and five children were born unto them. The eldest daughter is married and lives with her husband in California. The other four children are minors; the eldest being a girl who was 16 years of age at the time of the trial in the court below.

Defendant's occupation was that of a dairyman. By industry and thrift, the husband accumulated property to the value of $20,000, more or less. The family resided for a number of years in the country on a dairy farm. About eight or ten years before the filing of this suit, the family moved into the city of Shreveport. The husband continued his work on the dairy farm. In January, 1910, the wife, with the consent of her husband, entered the Shreveport Charity Hospital, with the view of becoming a trained nurse. She was so employed at said hospital when this suit was tried in January, 1912. For the first year, the wife received a wage of $10 per month, and for the second year $12 per month. While thus employed, the wife visited the family home nearly every day, and usually slept there every Saturday night. The second daughter cooked and kept house. When she was attending a business school, her father hired a cook. The father worked from 3 a. m. to 6 or 7 p. m. at his dairy business. His earnings and revenues amounted to $90 per month, most of which was consumed in family expenses. There is no evidence that the wife suffered for the necessaries of life while she was at home or at the hospital, or that her position in the household was that of a drudge or menial.

A few days before the filing of this suit, the defendant sold all the real estate owned by him in the parish of Caddo; one piece for $4,500 represented by $500 cash and four notes for $1,000 each, and the other for $1,300, represented by $1,000 in cash and the remainder in notes.

These sales doubtless caused the institution of this action for a separation from bed and board, and the recovery of plaintiff's interest in the community property. Plaintiff alleged that defendant was about to sell all of the property remaining in the community for less than its true value, and was about to leave the state of Louisiana permanently, and intended going to California, leaving to her no means of support.

[1, 2] Defendant excepted to all evidence tending to show specific acts of ill treatment not covered by the allegations of the petition. The objection was overruled, and the

·evidence admitted, subject to the objection. The objection should have been sustained, and the court relieved from the consideration of old family quarrels long since condoned by the parties living together for years as man and wife.

[3] The only witness who testified to any acts approximating ill treatment was Hilda, the 16 year old daughter, and Claude, the 13 year old son, of the parties. The boy could have remembered little or nothing of family troubles 8 or 10 years old. Both were partisans of the mother, and the judge below evidently did not give any weight to their testimony. Both testified that their mother went to the Charity Hospital with the approval of their father, for the purpose of eventually becoming a trained nurse. The mother, after she entered the hospital, led her own life, and had little or nothing to do with the domestic ménage. The daughter became housekeeper; and, when she was attending school, her father hired a servant. The boy was kept at school. The father finally sent his daughter and her younger sister to the St. Vincent's Academy, located near the city of Shreveport. After remaining several weeks, the girls left that institution, without permission from their father or the school authorities, and with their mother and brother went to Oil City, and, after remaining there five days, returned to the city of Shreveport. The boy never returned to his father. The elder daughter returned to him about two weeks before the trial of the case.

The charge that the husband was habitually intemperate is repelled by the evidence, and the same may be said of the other charges in the petition.

We are convinced that it is for the best interest of the plaintiff and her children that she should accept the home and support tendered by the defendant in his answer.

Where parties have lived together as man and wife for many years, and there are minor children of the marriage, the cause to justify a separation must clearly appear. Smith v. Smith, 116 La. 1005, 41 South. 238.

Judgment affirmed.