*5
 
 BKUNOT, J.
 

 The plaintiff and defendant were married. They lived together as man and wife until 1923. During that year Mrs. Spence made a prolonged visit to relatives in Illinois and elsewhere. While she was absent from the state her, husband instituted suit against her, as an absentee, for a separation from bed and board, alleging, as grounds for the separation, cruel treatment'and an abandonment. She was cited through a curator ad hoc. Some time after this suit was brought the husband filed a supplemental petition alleging adultery on the part of his wife and prayed for an absolute divorce on that ground. This supplemental petition was also served upon the curator ad hoe. The curator answered both suits, but Mrs. Spence was not informed of the filing of either. In due time the case was heard on the issues thus joined, and a judgment of absolute divorce was rendered in favor of W. L. Spence and against the present plaintiff. W. L. Spence then contracted a second marriage. Thereafter Mrs. Spence returned to Louisiana and instituted this suit. She denies all of the allegations of both petitions filed in the suit for divorce. She charges that the judgment of divorce was obtained through fraud, deceit, and ill practice. She alleges that she was not an absentee, and the appointment of a curator to represent her was a fraud upon' the court and an absolute nullity; that no valid citation was served, etc.; and she prays for a judgment against W. L. Spence annulling and avoiding the judgment of absolute divorce obtained by her husband against her. The defendant excepted to the petition as not disclosing a right or cause of action. The trial judge sustained the exception, but on appeal to this court we set that judgment aside and remanded the case to be tided upon the merits. The second wife then intervened in the suit, joined the defendant in resisting the plaintiff’s demands, and prayed that they be rejected. The defendant alone answered the intervention and admitted the allegations of intervener’s petition. Intervener then took a preliminary default as to the plaintiff, but the case was tried before the default was confirmed, and the trial resulted in a judgment annulling, avoiding, and setting aside the judgment attacked. From this judgment the defendant appealed. Intervener has filed a brief in the ease which admits that the law offers her no remedy and that her cause is hopeless, but it eloquently and pathetically pictures the humiliating situation in which a worthy daughter of a proud family, acting in good faith and upon the supposed sanctity of a court’s decree, now finds herself. It concludes as follows:
 

 “She now throws herself on the mercy of the high court of Louisiana, praying you to let this cross pass her by, beseeching you, in the name of a merciful God, not to place upon her brow this crown of thorns.”
 

 If the tears of the innocent victims of the faults of mankind could all reappear at this instant a second deluge would envelope the world, but moralizing is out of place in a judicial opinion. We will not review the evidence at any length, but will summarize the facts as they appear to be established.
 

 Plaintiff in the divorce suit and the defendant in this obtained the judgment of divorce which is now attacked upon testimony to the effect that Mrs. Spence on two occasions confessed to her husband that she, at one time, had illicit relations with a man by the name of ,S. L. King. This testimony is offered by the defendant in this case also, but it is rebutted by the testimony of the plaintiff and King, both of whom brand the charge of any illicit relations between them as false, and by the proven circumstances of the ease which strongly corroborate their denials. Whether our appreciation of the evidence be correct or erroneous is immaterial, for Spence admits that his wife’s alleged confessions did not disturb his domestic rela
 
 *7
 
 tions in the least, but for. several .years after the first confession was
 
 made to him he lived
 
 with Mrs. Spence as man and wife, and that relation continued for several months after the alleged confession was last made to him.
 

 It is therefore apparent that if all that the defendant says is true, and if there was a transgression, Spence condoned it. In dismissing the alleged confession from further consideration we will say, however, that the trial judge also found that a fair preponderance of the evidence on this point is with the plaintiff in this suit.
 

 It appears that Mr. Spence provided the necessary funds, accompanied his wife from Alexandria to New Orleans, assisted her in the preliminary preparations, ana saw her safely off on a protracted visit to her relatives in Illinois. Some time after she had left, Spence wrote her a letter, from which we quote the following:
 

 “I have been to Natchitoches this eve to meet the police jury. I have to try to collect about $3,000 for the roads this year. Everything is booming here for governor. I took the Neal plantation; it was $40,000; so when you come back I don’t know just wliat we will do. I may.stay here and try to run it, but it is going to be hard on me to look after it and this and the other two places. I have land for sale now. I would like to sell 1,200 acres if I could. I will take $30 per. acre for 1,200 acres, and put in what stock a man would want to run the place. There is going to be a large pecan crop, and some one I think like you will have to look after it. Well; if Mary doesn’t come home with you this time you had better tell her good-by loud, for it will be some time before I can put up the money for you to make the trip again. I suppose she thinks I am poison, but just as good as any 100 per cent. American, and they can’t be beat. Look at Eirpo and Jack. Eirpo and Carpenter think the Americans are pretty good material, and so do I, but it would be a crime for your sister to come to see us, for we Americans are social at least, and if there, should be any legal reason why she should not come very well and good, but you will find the same reason-for-not going there in the futufe. I mean Mrs. W. L. Spence. Things change some, time of course, but an American you will find them the same in their respect. Well; it is growing late and it is awful hot and I am sleepy. Oh, you bet, this country is fine. Come iri.
 

 “As ever, Walter.”
 

 Our only purpose for quoting the foregoing letter in full is to show that at the time it' was written the author expected his wife to return. It is irrefutable proof of the falsity of his allegation that she had abandoned the matrimonial domicile. Mrs. Spence answered this letter, and some time thereafter her letter was returned to her by her husband, unopened, with the following inclosure:
 

 “Mrs. Sarville Spence, Cherry, HI.: Your letter returned and will notify you that your things will be shipped by express to S. L. King at Sincoe, Ont. You have treated me in a manner that I can’t and will not live with you any longer.
 

 “Respt. W. L. Spence.
 

 “P. S. — Your note for seven hundred dollars with interest added may be attached to a sight draft and sent to the Bank of Robeline, La., or any other bank in this territory, and have bank notify me and same will be paid.”
 

 The return of her letter with the quoted inclosure was the first intimation Mrs. Spence had of her husband’s change of
 
 mind.
 
 The record shows that she was without funds and compelled for that reason to remain where she was. She sought and secured employment, and, in time, saved up sufficient from her earnings together with funds secured from her relatives to enable her to.return to Louisiana and to prosecute this suit. We commend her fortitude and strength of character to decent womanhood as worthy of emulation. Profoundly regretting the enormity of the crime which has brought such sorrow and shame upon two grievously wronged women, neither of whom this court nor any other can fully restore to their original status, we have reached the conclusion that the learned trial judge correctly resolved the facts of the case and that he properly applied the law thereto.
 

 The plaintiff has answered the appeal and prays that the judgment be amended by specifically dismissing the intervention filed in
 

 
 *9
 
 tlie suit and by reserving to plaintiff her right against defendant for her paraphernal claims and her interest in the community property. Plaintiff did not answer the intervention, but the judgment rendered effectually disposes of it.
 

 We do not think the rendition of a judgment of divorce which was obtained through fraud and was subsequently annulled for that reason can affect plaintiff’s paraphernal claims against her husband or her interest in the community of acquets and gains.
 

 For these reasons we think the judgment is correct, and it is therefore affirmed at appellant’s cost.
 

 OVEBTON, J., recused.