THOMPSON, J.
 

 This is a second suit filed by the plaintiff for a judicial separation from bed and board.
 

 The first suit, after trial, was dismissed by the court as in case of nonsuit.
 

 The demand in the present suit was rejected without qualification.
 

 The couple were married in this city on January 30, 1895, and there was born of the marriage six children, all of whom were living at the time this suit was tried.
 

 The oldest of the children is a’ son, 26 and ' married; the youngest is a son 10 years of age.
 

 The matrimonial ship seems to have sailed without serious interruption or disturbance for nearly 30 years, barring an occasional squall of a trivial nature not uncommon in the best regulated families.
 

 The first real trouble seems to have come in September, 1924, since which time the couple have not spoken to each other, though living in the same house and occupying the same room.
 

 The plaintiff attributes the fault to the defendant, whereas the latter blames it on the plaintiff.
 

 It would seem almost incredible that, after so long a peaceful and congenial union, both of them would be entirely blameless for the sudden break.
 

 The cause of action is, of course, alleged cruel treatment of such a nature as to make their living longer together intolerable, supplemented with an accusation that defendant was suffering from an infectious and communicable venereal disease contracted about June, 1923, some two years before the' present suit was filed.
 

 
 *95
 
 As to the last-mentioned charge, we had just as well say here that we will dismiss it from further consideration, for the reason thafa several reputable physicians of this city, who examined. and who treated the defendant during the time it is claimed that he had the disease, testified that the defendant had no such disease, and had not had, so far as they were able to ascertain from an application of the usual and customary tests.
 

 As for the cruel treatment, the allegations of the petition are general in
 
 terms
 
 and principally conclusions of the pleader. For illustration, it is alleged:
 

 That since the month of August (September), 1924, her husband has treated her so shamefully and cruelly as to render their living together intolerable.
 

 That some causes unknown to plaintiff have estranged her husband’s affections from her and brought upon her inveterate hatred. That he has neglected her in an outrageous manner, has assumed a very taciturn attitude toward her. That he has assumed the same attitude toward their minor daughter and minor son. That such continued behavior (without resorting to personal violence) has preyed considerably upon her mind, and has inflicted deeper anguish than physical injuries to her person. That such willful, persistent causing of unnecessary suffering, mental anguish, and wounded feelings has rendered living together intolerable, and has created a penal servitude which she is no longer able to endure.
 

 The only acts of cruel treatment specifically alleged are the failure of the defendant to speak to, or converse with, the plaintiff and one of her daughters, and that he does not give the plaintiff enough money to support and clothe herself and minor children in a manner befitting their station in life and commensurate with his income.
 

 The plaintiff does not charge the defendant with failing to support her and the children, nor that he denies them the necessities of life. The most that can be got out of the charges is that the money furnished the plaintiff is not adequate to maintain her and the children, when measured by the plaintiff’s standard of living and her economic tastes.
 

 Of course the defendant denies all such allegations, except that of failure to speak to his wife, and alleges that he has been the victim of his wife’s animosity and her lack of desire to co-operate with him in providing for the present and future welfare of their children, that his wife became offended at him for taking one of his sons to task for keeping late hours at night. It is further alleged that the defendant has been willing, and is still willing, to effect a reconciliation, feeling that his own interest and the interest of his wife and their children suggests such reconciliation.
 

 We are not going to refer to the evidence in detail. The case of the plaintiff is supported only by her own testimony and that of some of her children, who happened to take the side of the mother.
 

 If we were to give full weight to their testimony and disregard that of the defendant, we would yet be forced to the conclusion that the charges made against the defendant, whether considered separately or collectively, do not furnish a legal ground for separation. They cannot be said to amount to cruel treatment within the'meaning of the statute making such treatment a ground for separation.
 

 The defendant draws a salary of approximately $5,000 a year as traveling salesman for the firm of which he is a member. He gives to his wife, and has for the past several years an allowance of $100 per month, and besides pays other bills for the house, and for clothing selected and purchased by his wife for herself and her children. He has endeavored to give all of his
 
 *97
 
 children an education. He gave his oldest son a position in the firm at a salary of $115 per month, and paid his salary while he was sick and unable to work. He paid the expenses of his wife and family while at Covington for the benefit of his oldest son’s health.
 

 All-of which, it would seem, negatives the intimation or suggestion that the defendant is of a niggardly and penurious disposition and criminally neglectful of the needs.of his wife and children.
 

 It may be that the defendant could make larger allowances to his wife and children, but has the court the authority to say what such allowances should be?
 

 The failure to take care of one’s wife and children is a dereliction of duty and a breach of the contract of marriage, but it cannot be said to be a legal cause for separa-. tion from bed and board.
 

 Nor can the failure to make adequate provision to . enable the wife to live at the standard she would like be held to amount to cruel treatment justifying a separation.
 

 We have given the facts, as shown by the record, a most careful consideration, and feel that we would not be justified in disturbing the judgment of the lower court refusing plaintiff’s demand.
 

 The judgment is therefore affirmed.