HAWTHORNE, Justice.
Lusarah Humes McIntosh instituted this suit against her husband John McIntosh, to whom she was married in 1937, for an absolute divorce on the ground of adultery, alleging that he was living in open adultery with a woman in the City of New Orleans. After trial on the merits there was judgment dismissing her suit, and she has appealed.
At the trial the husband admitted his illicit relations with the woman named in the petition, and it was established that of these relations two children were born, one in 1943 and the other in 1946. The instant suit, filed on February 8, 1951, was precipitated by the failure of the plaintiff to receive her usual check for a portion of the defendant’s salary as a seaman which she had been receiving under an allotment paid directly to her by his’ employer. Upon inquiry she was informed that her husband had changed the allotment and made it payable to his daughter (one of his children born of his illicit relations with the other woman in the case).
The defendant husband, after admitting the adultery, defended the suit on the ground that his wife was aware of his adulterous relations with the other woman and knew that this woman had borne him two children; that notwithstanding her knowledge of these facts she continued to live with him as his wife until the filing of this suit, and that by so doing she condoned his wrongful acts.
Under the jurisprudence of this state continuance of the marital relations after knowledge by the injured party of the acts of adultery is a good defense to a suit for divorce. Spence v. Spence, 162 La. 4, 110 So. 68; Adams v. Adams, 196 La. 464, 199 So. 392. Moreover, under Articles 152 and 154 of our Civil Code the action of separation or divorce is extinguished by the reconciliation of the parties either after the *933 facts which might have given ground to such action or after the action has been commenced. The only question presented in this case, therefore, is whether the defendant has sustained the burden of proving the knowledge of his wife of his adultery and a reconciliation or a continuance of the marital relations notwithstanding this knowledge.
The plaintiff testified that she did not know of her husband’s infidelity until November of 1950, when she made inquiry of her husband’s employer about her customary allotment check which did not arrive. On the other hand, the husband testified that he himself told his wife about his adulterous relations, and there is evidence to establish that she was well acquainted with his accomplice in adultery, knew where this woman lived, and knew that she had borne her husband two children, and that she had had this knowledge' since their birth. Moreover, the fact that no secret was made of their parentage is shown by the fact that the baptismal records name the defendant as the father of each of these children. In the final analysis, the case resolves itself into a question of fact, and the judge, who saw and observed the witnesses, concluded that the husband had sustained the burden of proving that his wife knew of his adulterous acts and yet continued their marital relations for several years. Under these circumstances we find no error which would warrant a reversal of the judgment of the lower court.
For the reasons assigned the judgment appealed from is affirmed.