AYRES, Judge.
A separation a mensa et thoro was sought by the wife under charges of cruelty and inhuman treatment directed to the husband, of such nature and character as to render their living together insupportable. For a defense, defendant denied plaintiff’s charges of cruelty and, in reconvention, sought an absolute divorce under charges of adultery directed to her. Finding that the defendant had condoned the acts of adultery charged to his wife, and concluding that both plaintiff and defendant were mutually at fault in their separation, the court rejected their demands. Plaintiff appealed, seeking a reversal of the judgment so far as denying her a separation was concerned.
The defendant has neither appealed nor answered plaintiff’s appeal. Hence, his reconventional demand is no longer at issue. The charges upon which the recon-ventional demand was made may not, therefore, be considered other than for the purpose of determining fault, if any, on plaintiff’s part as to the cause of their separation which would preclude her from recovery of a judgment of separation. Except for invocation of the principle of mutuality of fault, the evidence leaves no basis for the rejection of plaintiff’s demands for separation.
The record discloses that, from their marriage September 14, 1955, to their final separation, August 23, 1961, plaintiff and defendant were separated on at least three occasions, due, largely, to their feuding, fussing, and fighting, and particularly to the beatings inflicted by the husband upon the wife. On the last of those occasions, plaintiff testified she was bruised and her eyes blackened. Five days previously, a similar battery was inflicted upon her over a dispute as to her intended visit to her father. On a prior occasion, plaintiff found it necessary to seek medical aid and treatment because of injuries inflicted upon her by her husband.
Plaintiff is corroborated in her testimony as to the latter occasion by the testimony of one Archie Owen, her half brother. This witness learned of an episode at a bar between his sister and her husband. He went there for his sister and carried her to his home. According to his testimony, plaintiff had bruises over her body; her face had been beaten and her eyes blackened.
On the aforesaid occasion, the husband accused his wife of drunkenness and called *815 the police, who, on arrival, seeing her condition, arrested him instead. An assault and battery charge was filed against the defendant who, however, forfeited an appearance bond.
Owen further testified that, on previous occasions, plaintiff and defendant had engaged in cursing one another and fighting. He suggested to them that they discontinue such conduct.
On the occasion of their separation in 1959, plaintiff went to California, met a man by the name of Donald D. Lawrence, to whom she was married (?) by “proxy” at Tia Juana, Mexico, March 14, 1959. For a-period of time, in California, and later in Texas, plaintiff lived with this man as his wife. There was a state of vacillation and fluctuation in her living with these two men; first one, then the other. With full knowledge of these facts that his wife had gone through a Mexican marriage ceremony with Lawrence and had, for a period of time, lived with him as his wife, defendant, never-' theless, journeyed to Texas and persuaded his wife to return to him, following which-they lived together for several months pre-' ceding their final separation.
Under the jurisprudence of this State, resumption or continuance of marital' relations after knowledge by the injured party of the adultery of the other is a good defense against a suif for divorce. Moreover, under LSA-C.C. Arts. 152 and 154, an action of separation or divorce is extinguished by reconciliation of the parties. Humes v. McIntosh, 225 La. 930, 74 So.2d 167.
Nevertheless, defendant contends that inasmuch as plaintiff and defendant are each guilty of acts toward each other of mutual wrong of a like character and proportional degree, plaintiff should, therefore, be denied a separation from bed. and board. The law, which provides for a separation from bed and board, in certain cases, is made, of course, for the relief of the.oppressed party, not for interfering in quarrels where both parties commit reciprocal excesses and outrages, and the rule is well established.
A divorce or a separation will not ordinarily be granted where both parties are equally at fault. The principle is well stated in 27A C.J.S. Divorce § 67, p. 225 et seq.
“As a general rule, sometimes declared by statute, divorce is a remedy for the injured and innocent against the guilty, and for those who are substantially without fault. In an action for divorce a person sued may recriminate and plead in defense'the conduct of plaintiff, and, if both parties are. equally at fault, a divorce will not be granted. If the conduct of both parties has been such as to furnish grounds for divorce, neither of the parties is entitled to relief, or, as the rule sometimes is expressed, if both parties have a right to a divorce, neither 'of the parties has.
“This is known as the doctrine of recrimination, and rests on the equitable maxim that he who comes into equity must come with clean hands, and on the concept that he who seeks redress for the violation of a contract resting on mutual and dependent covenants must himself have performed the obligations on his part.”
As was stated in Eals v. Swan, 221 La. 329, 59 So.2d 409, 410:
“The Louisiana rule is that while mutual, equal fault operates as a bar to relief being given to either litigant, the courts consider in each case the degree of guilt, and only where there is a finding of fact that the degree of guilt has been equal is the suit dismissed. The rule of comparative rectitude has been impliedly recognized. Each case, however, stands on its own’ párticular set of facts.”
However, we do not agree that the fault of each under the facts of this case, *816 particularly in view of the time element involved, constitute such mutual wrongs as of such a character that would warrant a denial of the wife’s application for a separation. The offenses committed by the wife had been condoned and forgiven by the husband. Thereafter they lived together as man and wife several months. The beatings inflicted by the husband upon the wife were in no wise connected with or caused by her prior wrongdoing. These assaults were without cause or justification. The commission of a wrong by the wife, forgiven and condoned by the husband, is no justification for a subsequent wrong committed by the husband toward the wife. Tersely stated, the wife’s prior acts of adultery when condoned by the husband do not constitute a perpetual license for assault and battery upon her.
The acts of the husband constitute cruel and inhuman treatment of the wife of such a character as to make their living together as man and wife insupportable.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside, and
IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Mrs. Christene Owen Smith and against the defendant, Henry Austin Smith, decreeing a separation “a mensa et thoro.” The defendant is assessed with all costs, including cost of this appeal.
Reversed and rendered.