CUTRER, Judge.
Plaintiff, Katheryn Dukes McWaters institutes suit against her husband Marcus V. McWaters Jr., on March 27, 1967 seeking a separation from bed and board on the grounds of cruel treatment. She also demands custody of the three minor children *164 of the marriage, alimony or support for herself and the children, recognition as owner of her portion of the community, and attorney fees. Defendant denies the allegations of cruelty and by reconventional demand seeks custody of the children. The trial court rendered judgment in favor of plaintiff decreeing a separation from bed and hoard and in addition granted substantially all the other demands prayed for.
Defendant appeals from this judgment and assigns one specification of error, namely, that the trial court erred in finding that the defendant’s cruel treatment of plaintiff was of such a nature that it rendered their living together insupportable.
Plaintiff and defendant were married August 18, 1946, and of this marriage three children were born, namely: Karyn, age 16, Marcus 13, and Shawn 11. The marriage reached a difficult stage some time prior to the filing of this suit. On a prior occasion they had separated for a period of 16 months, but they subsequently became reconciled and resumed living together. At the time of trial defendant was earning a net income of $970.00 per month.
Plaintiff testified that defendant’s cruel treatment was such that their living together was rendered insupportable. The essence of her testimony in this regard reveals that defendant did not speak to her for a period of 3 months during the year of 1966; defendant removed the clothes dryer from the home when he found that plaintiff would use it at times other than during inclement weather; withdrew authorization for her to use the checking account and refused to give her any money after she refused to account for the expenditure of $20.00 when he returned from a three day trip; plaintiff purchased some wearing apparel on a “layaway” plan paying $10.00 down from money she earned typing for students and when she wrote a check for $63.00 for the balance on February 4, 1967, he beat her, stopped payment on the check thus forcing her to return the clothes; on several occasions he called her vile names and told her he did not intend to continue living with her. The defendant admitted a substantial portion of these incidents when called on cross examination. Mrs. Emmuel Reid, a clerk in the store where plaintiff purchased the wearing apparel, testified that on the day plaintiff returned the merchandise she saw bruises on the plaintiff’s face. Defendant presented no witnesses.
The trial judge, in granting the separation from bed and board, apparently accepted the plaintiff’s version of the acts of cruelty. Since the trial judge observed the witnesses, he is in a better position to evaluate and weigh their testimony, and, accordingly we defer largely to his conclusions as to the facts. Arnold v. Arnold, 186 La. 323, 172 So. 172; Seeling v. Seeling, La.App., 4 Cir., 133 So.2d 161; Vinot v. Vinot, 239 La. 587, 119 So.2d 474; Clay v. Clay, 221 La. 254, 59 So.2d 180; Carriere v. Carriere, La.App., 3 Cir., 147 So.2d 668.
Cruel treatment, itnder the jurisprudence of this state, is not confined to physical mistreatment, abuse or injury, but can, likewise, result from mental harassment arising from conduct that is the “very refinement of cruelty,” without either force or blows. Moore v. Moore, 192 La. 289, 187 So. 670. Since there is ample evidence to support the conclusions of the trial judge, we feel that his findings should not be disturbed.
Defendant urges, however, that plaintiff condoned the actions of defendant by remaining in the home and continuing to reside with him after the incidents occurred. By this condonation, defendant contends that plaintiff is barred from maintaining this action. He cites LSA-C.C. Art. 152 and the cases of Primeaux v. Comeaux, 139 La. 549, 71 So. 845 (1916); Courville v. Courville, 181 So.2d 277 (1965); Humes v. McIntosh, 225 La. 930, 74 So.2d 167 (1954) ; Vatter v. Vatter, 131 La. 1073, 60 So. 689 (1913). This position was urged in the case *165 of Carriere v. Carriere, supra, and in answer thereto the court held as follows:
“The jurisprudence is settled to the effect that the forbearance of a wife in enduring cruel treatment by the husband should not be construed as a reconciliation or a condonation of that treatment by the wife, barring the wife from demanding a separation from bed and board. New v. New, 186 La. 1017, 173 So. 748; Lynch v. Lynch, 138 La. 1094, 71 So. 195; Balfe v. Balfe, 165 La. 283, 115 So. 489; Terrell v. Boarman, 34 La.Ann. 301; Seeling v. Seeling, La.App. 4 Cir., 133 So.2d [161] (Cert. denied); Magliolo v. Magliolo, La.App. 1 Cir. 135 So.2d 616.
In Seeling v. Seeling, supra, the court said:
‘It is well settled that the forbearance of a wife in enduring cruel treatment of the husband should not be construed as a reconciliation barring her action for separation from bed and board.’
The First Circuit Court of Appeal, in Mag-liolo v. Magliolo, supra, held that:
‘A wife’s continuous forbearance, patience, and endurance of the cruel treatment, excesses and outrages of her husband, long before complaining to the courts, cannot be confounded with or considered as a reconciliation, barring her action for separation from bed and board.’ ”
A review of the cases cited by defendant reveals that they are not applicable here. The Primeaux and Vatter cases each present single instances of ill treatment followed by long continued cohabitation. The Courville case reflects a situation where there was an actual reconciliation after an instance of where the husband had written the wife that he didn't love her. The Humes case held that where the parties continued to live together for approximately 5 years after the acts of adultery, the doctrine of condonation is applicable. In contrast to the above cases, the acts of cruelty in the instant case reflect the wife’s forbearance over a long period of abusive treatment, which continued intermittently up to the time of suit. Therefore, she is entitled to a judgment of separation from bed and board.
For these reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed to defendant, Marcus V. McWaters, Jr.
Affirmed.