EDWARDS, Judge.
This is an appeal from a judgment rendered in favor of plaintiff .granting a separation from bed and board and alimony pendente lite in the amount of $497.12 per month. The separation was granted on the ground of habitual intemperance. La.Civ. Code art. 138(3).
On June 10, 1975, Mr. Smith came home in an intoxicated condition and precipitated an argument with his wife over her paying for nursery services for her grandchild. The argument escalated into physical violence with Mr. Smith .first assaulting Mrs. Smith. She then picked up a drain tray loaded with dishes and threw them at Mr. Smith. At least one of the missiles struck him, opening a small -wound on his head. Mr. Smith then left the home and when he returned, approximately three days later, Mrs. Smith had moved to another house owned by the couple.
At the time of this incident, Mr. Smith had been drinking heavily for several weeks. Testimony also established that Mr. Smith had periodically, in the past, indulged in fairly prolonged bouts of heavy drinking. Three such bouts had occurred in the year preceeding June 10, 1975. On at least two of these occasions, Mr. Smith required hospitalization to temporarily overcome his problem.
*613 The defendant-appellant asserts the following as errors committed by the trial court:
I. The Family Court Judge committed error in permitting plaintiff to enlarge her pleadings over defendant’s objection, by permitting evidence as to defendant’s habitual use of alcoholic beverages.
II. The Family Court Judge committed error in granting the plaintiff a legal separation on the grounds of excessive use of alcoholic beverages when the evidence was to the effect that the plaintiff had condoned his use of alcohol.
III. The Family Court committed error in refusing to grant defendant a judgment of separation on grounds of abandonment as alleged in his reconventional demand.
IV. The Family Court committed error in awarding the plaintiff alimony pen-dente lite when the evidence showed the plaintiff had in her possession over $5,000 in community funds and had full charge of and received the profit from the Bar and Lounge, which also was community property.
I. That the trial court permitted enlargement of the pleadings over objection.
We are satisfied that the petition filed herein does not allege sufficient facts to raise the issue of habitual intemperance. The defendant is alleged to have been “guilty of numerous acts of intemperance” and is alleged to have been intoxicated on June 10, 1975.
The first allegation is merely a conclusion of the pleader and is ineffectual. Cf. Keir v. Digby, 166 La. 92, 116 So. 711 (1928). The second allegation merely recites one instance of short duration and is not indicative of habitual conduct.
C.C.P. 1154 provides:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
In Webster v. Rushing, 316 So.2d 111 (La.1975), the Court said:
“The general rule established by the jurisprudence is that pleadings may be enlarged by evidence adduced without objection when such evidence is not per tinent to any other issue raised by the pleadings and, hence, would have been excluded if objected to timely.”
Our review of the record fails to disclose one instance of objection to evidence concerning Mr. Smith’s habitual abuse of alcohol on the ground that such evidence was beyond the pleadings. In fact, most of the evidence on this point came in without objection of any nature.
We find that the pleadings were enlarged by the evidence to include the issue of habitual intemperance.
II. That the plaintiff had condoned the use of alcohol by the defendant.
The trial court found that the plaintiff had exercised forbearance and tolerance toward the defendant’s use of alcohol. *614 Our review of the record convinces us that is an accurate appreciation of the circumstances. Such does not constitute condonation of the defnedant’s behavior. See McWaters v. McWaters, 209 So.2d 163 (La.App. 1st Cir. 1968), and the cases cited therein.
III. That the trial court erred in not granting defendant’s reconventional demand for a separation on the ground of abandonment.
Our review of the record convinces us that the evidence supports the conclusion of the trial judge that the separation of the parties was occasioned by the fault of the husband. Therefore, it suffices to say that the departure of Mrs. Smith from the family home was justified, being caused by the fault of the defendant, and he cannot assert that departure as being fault on the part of the plaintiff.
IV. The appellant complains of the award of alimony pendente lite to the plaintiff.
The trial court awarded $497.12 per month in alimony, finding that the defendant’s income approximated $2000.00 per month. Nearly $1000.00 per month of that amount was attributed to income from the liquor store owned by the community. The court below treated the income from the liquor store as being available to the defendant to assist in payment of the alimony obligation.
Evidence adduced at trial of this matter established that the liquor store was being operated by the son of the parties with all proceeds being paid to the plaintiff.
The standard for alimony pendente lite is found in Civil Code Art. 148, which provides :
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
(Emphasis added)
The trial judge found that the community business was producing income at the rate of $300.00 per week. The evidence is clear that this income is being directed to Mrs. Smith, not the defendant.
We find no error in the trial court’s conclusion that $497.12 is a sufficient amount to maintain Mrs. Smith. Since one-half of the income from the business, which belongs to Mrs. Smith, exceeds the amount found to be necessary for her maintenance, we find that she has sufficient income within the meaning of R.C.C. 148 and is not entitled to receive alimony pendente lite from her husband.
The judgment of the trial court is affirmed insofar as it grants appellee a separation from bed and board, and is reversed insofar as it awards appellee alimony pen-dente lite. Costs are to be borne equally be appellee and appellant.
AFFIRMED IN PART AND REVERSED IN PART.