(38 South. 815.)

No. 15,564.

## DOMINGEAU v. DARBY.*

(May 22, 1905.)

DIVORCE — ANSWER—AMENDMENT—CHANGE OF ISSUES.

    Defendant in an action for divorce pleaded simply a general denial. Subsequently, in an amended answer, without claiming in reconvention a divorce, defendant invoked contingently, as against plaintiff's demand, the application of the rule that where both parties are guilty of mutual wrongs, similar in nature, the suit should be dismissed. Plaintiff excepted to the filing of the amended answer, and to all evidence in support of the allegations therein made, tending to show that plaintiff's conduct had withdrawn from him the right to a divorce, on the ground that the issues in the case had been changed by the amendment. The court overruled the objection, holding that the amendment was substantially a peremptory exception to plaintiff's right to stand in judgment. _Held_ no error.

(Syllabus by the Court.)

*Rehearing denied June 19, 1905.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by Laurent Domingeau against Anais Darby. Judgment for defendant, and plaintiff appeals. Affirmed.

Pavy & Guilbeau, for appellant. William Charles Perrault and Peyton Randolph Sandoz, for appellee.

NICHOLLS, J. In the present suit the plaintiff prayed for a judgment of absolute divorce from his wife, charging her with adultery.

She answered, pleading a general denial and praying for a rejection of plaintiff's demand.

She subsequently, with leave of the court, filed an amended or supplemental answer, in which she prayed that, pending the suit, alimony be allowed her, as also the custody of the children of the marriage. Without claiming on her own part a divorce, she invoked in her own behalf, by way of an estoppel against plaintiff's demand, that should the court, under the evidence adduced, find her guilty of the act charged, the plaintiff take nothing by his suit, as he did not come into court under circumstances such as would entitle him to a judgment, he himself having been guilty of adultery.

Plaintiff excepted to this supplemental answer on the ground that it changed the issues in the case, and on the trial objected to any evidence being received under it.

His exception to the answer and his objections to the introduction of evidence were both overruled. We think the rulings of the court were correct. The issue raised by the amended pleading was in reality a peremptory exception to plaintiff's right to stand in judgment.

The district judge, after a trial, rejected plaintiff's demand on the ground that both parties were guilty of adultery, and the court would leave them as it found them. Plaintiff appealed, and contends that the evidence did not justify, so far as he was concerned, the conclusions reached by the court. He insists that there was no testimony going to show that he had relations with any woman other than his wife, and that, if true it was that he had been shown to have contracted and suffered from venereal disease during his marriage, there was nothing which warranted the court in finding that he had contracted it from intercourse with any person other than his own wife; that it had not been shown by the evidence that he had had any such intercourse, while, on the contrary, she had been affirmatively shown to have repeatedly violated her marriage vows, and therefore the legal presumption would be that he had contracted the disease from her. The plaintiff did not charge in his petition that he had ever suffered from venereal disease during his marriage, or that his wife had so suffered, and that he had contracted it from her. The particular facts on that subject were brought out through testimony elicited by the defendant. Plaintiff insisted on the trial, and insists yet, that he had never had intercourse with a woman other than his wife, but he none the less informed the physician who treated him for the disease that he did not know from whom he had contracted it—a fact which he would certainly have known, had he been in fact faithful to his wife. At the time he was suffering from the disease he was not living with her. The trial judge found the fact against him, and we would not be warranted in declaring error in his conclusions. Plaintiff's counsel says that he raises no objection to the judgment for alimony, but that, in justice to him, the court should acquit him of having failed to provide for his children. The testimony shows that he did provide for them to some extent, but whether to the full extent of his ability to do so does not appear. Plaintiff, in his brief, claims that he is entitled to

the custody of his children. He made no demand of that kind in his pleadings, and the judgment rendered in this case leaves the rights of the parties on that subject at large.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.