PROVOSTY, J.
This being a suit in separation from bed and board, an exception of no cause of action has been sustained, and plaintiff has appealed.
[1] The petition alleges:
“That defendant continued almost incessantly and instantly to curse and abuse your petitioner, and call petitioner names too vulgar for rep *1095 etition herein, and that said dates were so constant and numerous it would be impossible for petitioner to name any particular date, and that defendant continued to so abuse and curse petitioner and call her vile names for four years after said marriage in 1899.
“That within thirty days after petitioner’s marriage to her said husband, Thomas J. Lynch, he began to make overtures of love with other ladies, and even with young girls and negro women, in the drug store owned by her said husband at Tulane avenue and Tonti street, whose names were unknown to petitioner, and her said husband would be guilty of these offenses in the presence of your petitioner, and solely for the purpose of humiliating and degrading petitioner before the public.
“That her said husband continued these practices for four years immediately succeeding his marriage with petitioner, and petitioner realizing that at the end of four years that she could no longer endure such cruel and unusual punishment from an unnatural husband, was forced and compelled to leave and abandon her matrimonial domicile and return to live with her mother.”
It is said these allegations are too vague and general, in that they do not give the dates of the several acts complained of, nor the names of the ladies, girls, and negro women to whom the defendant made overtures of love in his drug store. And it is said, further, that the fact that the plaintiff continued to live with defendant shows con-donation.
[2] If the plaintiff can show that the defendant “almost incessantly cursed and abused her, calling her names too vulgar for repetition,” and that from within 30 days after their marriage he began making overtures of love to the persons of the other sex who visited his drug store, regardless of age or color, and continued these practices in the presence of petitioner as long as she continued to live with him, the petition shows a cause of action, or else none ever did. Her forbearance and patience in enduring this treatment is not condonation. Terrell v. Boarman, 34 La. Ann. 301.
The judgment appealed from is set aside, and the case is remanded for trial according to law. Defendant to iiay the costs of this appeal.
MONROE, O. J. I am of opinion that the petition does not sufficiently put the defendant on his defense, and that, as plaintiff failed to amend, the suit was properly dismissed.