O'NIELL, C. J., dissents from the rulings on bills 10 and 11.

═══════

(115 So. 489)

No. 28875.

BALFE v. BALFE.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

I. Divorce ☞27(18)—Conduct of husband who was a drinking man in cursing wife, threatening her with pistol, and in repeatedly taking child away in car held to warrant separation.

Separation from bed and board *held* properly granted wife on ground of husband's cruel treatment, where husband under influence of liquor cursed her and accused her of unchasti-ty, threatened her with loaded pistol, and persisted in taking 5 year old child along with him in his automobile, returning on one occasion in advanced stage of intoxication.

2. Divorce ☞49(1)—Wife's endurance of husband's cruel treatment in cursing and threatening her and taking away child held not condonation or reconciliation, preventing limited divorce.

Patience and forbearance of wife during period of husband's cruel treatment in cursing her and threatening her and going away with their child *held* not to amount to condonation or reconciliation, preventing wife's separation from bed and board.

3. Divorce ☞227(2)—$300 attorney fee to wife suing husband for separation from bed and board held reasonable.

$300 allowed wife as attorney's fees in suit against husband for separation from bed and board for cruel treatment *held* reasonable.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by Mrs. Tekoah D. Balfe against Thomas T. Balfe for separation from bed and board. Judgment for plaintiff, and defendant appeals. Affirmed.

C. H. Lyons, of Shreveport, for appellant.

John B. Files, of Shreveport, for appellee.

LAND, J. The present suit has been brought by plaintiff for a separation from bed and board on the ground of cruel treatment received at the hands of her husband, the defendant, and because of alleged habitual intemperance upon his part.

Plaintiff prays for the dissolution and settlement of the community, for the permanent custody of her minor child, a girl of the age of 5 years, for alimony for herself in the sum of $200 per month, and for the child in the sum of $100 per month, and for attorney's fees to the amount of $300.

Judgment was rendered in the lower court in favor of plaintiff in all respects as prayed for, except that alimony was awarded her and the child jointly at the rate of $125 per

month, and defendant was granted the right to the temporary custody of the child at certain stated intervals.

Defendant has appealed from this judgment.

1. As is usual in such cases, an attempt has been made to reduce the alimony, but, after considering the evidence in the case, we find no good reason for so doing.

[1] 2. Under our appreciation of the facts, we are satisfied also that the judgment of separation is sustained by a fair preponderance of the evidence.

Plaintiff and defendant were married in Mansfield, La., on July 14, 1921. Two children were born of this union, one of whom is now living.

Immediately after the marriage, the matrimonial domicile was established in the city of Shreveport, La., and, on December 4, 1923, was removed to 242 Washington avenue, in that city, the place of residence of plaintiff and defendant at the date of the filing of this suit.

While the evidence does not show that defendant is guilty of habitual intemperance, it is proved conclusively that he is a drinking man, and that he was intoxicated at his home on the night of April 3, 1927. Defendant's conduct on that occasion led to the institution of the present suit, and is alleged to have been the culmination of excesses and cruel treatment towards his wife, which had continued intermittently for the last two or three years.

On the night in question, defendant is charged by plaintiff with cursing and abusing her, with declaring that she was a woman of unchaste character, with threatening to do violence to her with a loaded pistol, and causing her to be in such fear of her life as to leave home and seek shelter and protection in the house of a neighbor.

Defendant admits in his testimony that he had a quarrel with his wife at their home on the night of April 3, 1927, during the course of which he denounced her as "a d—— liar." That defendant was drunk on this occasion cannot be doubted. He cursed his wife, applied to her the vile epithet of "whore," and declared that he cared nothing for her. He walked to the closet, got his pistol, threw it on the bed, and told her to shoot his brains out. Then he picked up the weapon, declared that she was no lady, and glared at her in such a way as to frighten her. She ran next door, crying and greatly excited, and informed her neighbors that defendant was armed with a pistol. She was hidden in a bathroom by her friends for fear that defendant might shoot into the house.

The police were telephoned for and, before their arrival, defendant had fired his pistol several times in the rear of his house near the garage, imagining that thieves were stealing his car, which was parked at the time in front of his residence.

This is not the first time that defendant has abused and mistreated his wife. A neighbor is witness to the fact that he had cursed her on several prior occasions. Defendant confessed on the witness stand that he had done so, and that he has had frequent quarrels with his wife.

Plaintiff stated in her testimony that on December 25, 1923, defendant threatened her with a pistol, struck her, and choked her. She is corroborated in this statement by her brother, Mr. Wade Dickson, who testified that defendant had admitted such misconduct to him.

That which constitutes, in our judgment, the very refinement of cruelty in this case is the fact that defendant, who is a drinking man, persisted in repeatedly taking their child in his automobile with him, without advising his wife where he was going, and remained for hours at a time away from home, without sending any message to her.

On Mardi Gras night, 1927, defendant came

home under the influence of liquor and planned to take the child to his office in his automobile, when plaintiff knew he was not capable of driving safely. Because plaintiff· protested against such misconduct, defendant denounced her in the most abusive terms.

On Saturday afternoon, April 2, 1927, ·defendant carried the child secretly to Haughton, La., in his car to visit its grandmother, and remained there until the next morning. Plaintiff made vain and frantic efforts during Saturday night to locate the child.

Again, on Sunday afternoon, April 3, 1927, defendant disappeared with the child, without any notice to his wife. He was absent so long that plaintiff was compelled to appeal to the police to locate him, and, when he returned with the child, defendant was in an advanced stage of intoxication.

We can well picture the mental torture and intense nervous strain to which a mother might be subjected under such circumstances, and especially under willful repetitions of the offense, and do not hesitate to hold that such misconduct upon the part of the defendant constituted extreme cruel treatment, even if there might have been some feeling upon the part of plaintiff against the members of her husband's family, and some opposition to the child's visiting them.

[2] 3. The patience and forbearance of the wife in this case, during her long endurance of the cruel treatment of her husband, while entertaining hope of his reformation, should not be mistaken for condonation or reconciliation. It serves rather to strengthen than to weaken her cause of action. Terrell v. Boarman, 34 La. Ann. 301, 306; Mack v. Handy, 39 La. Ann. 491, 499, 2 So. 181; Lynch v. ·Lynch, 138 La. 1094, 1095, 71 So. 195.

The plea of estoppel based upon alleged condonation and reconciliation is therefore overruled.

[3] 4. The fee of $300 allowed in the judgment of the lower court, as attorney's fees for the wife, is reasonable and should not be disturbed.

Judgment affirmed.