(127 So. 378)

## ALLEN v. ALLEN.

No. 30081.

March 5, 1930.

McLoughlin & West, of New Orleans, for appellant.

Henry W. Robinson and Henry M. Robinson, both of New Orleans, for appellee.

LAND, J.

Plaintiff obtained against the defendant in the lower court a judgment of separation from bed and board, and for alimony for herself and daughter, aged two years, in the sum of $50 per month. From this judgment, the defendant, Lange W. Allen, has appealed.

Plaintiff alleges: "That on August 24, 1928, about ten o'clock p. m., at No. 2920 Broadway Street, New Orleans, petitioner's said husband became infuriated because she refused to sign a chattel mortgage note on her household furniture and threatened to kill her, and so terrified her that she tried to go to her

father's house for refuge but was unable to do so, but as soon as possible thereafter, because of such threats and because of the treatment she had received from her said husband, on August 28th was compelled to leave her home and to go to her father's home for support."

Plaintiff also alleges:

"That on numerous occasions during the months of June, July and August, 1928, at their home aforesaid, her said husband cursed petitioner repeatedly and used profane language in her presence.

"That constantly since their marriage the said defendant, while receiving an ample salary for the support of himself, petitioner, and their child, has wasted his income and neglected petitioner and her said child, has never since her marriage furnished her with clothing for herself and for her baby, and has never furnished an adequate amount to run the house even for food; and that, repeatedly, especially during the spring and summer of 1928, petitioner was without sufficient food, during all of which time defendant was earning $250.00 per month, and, despite the pleas of petitioner for an adequate sum for food and clothing for the baby and herself, her husband persistently and constantly refused and neglected to make any provision for her."

Defendant denies the causes for separation alleged by plaintiff, and then avers that he and plaintiff lived together as man and wife in the same house and room for four days after August 24, 1928, and that any causes for separation arising prior to that date were condoned and reconciled by the actions of plaintiff.

The evidence in the case shows that defendant received a salary of $250 per month.

Plaintiff testified that she and her child did not have sufficient food, that she had repeatedly told her husband that they were not getting enough to eat, and that the baby was underfed and underweight. Plaintiff stated in her testimony that she and her child lived from hand to mouth, off the small change that she could find in her husband's pockets, or that he would give her in sums of 25, 50, and 75 cents.

Plaintiff further stated that, during the first two years of her marriage, she wore the clothes her mother had given her as a trousseau, that, after nearly everything they had was destroyed by fire, her husband received $1,000 in insurance, and he used some of it to buy her a few dresses, and at one other time gave her a dress, during the four years of their married life.

Plaintiff further testified that the only time defendant bought any clothes for her baby was when plaintiff was expecting to become a mother, and that defendant then purchased some material to make a few little gowns; but that plaintiff's mother furnished the baby with all of its clothes.

Plaintiff further stated that, when she refused to sign the chattel mortgage on the household effects, her husband became infuriated and said that he could kill her, and told her that, if she did not get out of his sight, he would choke her.

Plaintiff testified: "I was afraid of him because he was—several times he had to go to a doctor for his nerves, his nervous condition, —he didn't know what he was doing several times. Since we have been married he didn't know what he was doing for several weeks at a time, and I was afraid like that."

Plaintiff also stated that her husband cursed her in his fits of anger and temper.

We do not find sufficient evidence in the record to show any condonation by plaintiff of defendant's misconduct and cruel treatment. Plaintiff was forced by defendant to remain on the premises when she desired to leave him and go to her father. Plaintiff positively denies any resumption of marital relations during her enforced stay of several days at the matrimonial domicile, after the occurrences of August 24, 1928, which culminated in the present suit for separation.

This suit itself is a patent denial of any reconciliation or condonation on the part of plaintiff. She is present in this court on appeal, and is insisting, through her counsel, on an affirmance of the judgment of separation rendered in her favor in the court below.

Plaintiff is corroborated by her father and sister as to defendant's neglect to provide her with clothing. As far as the food is concerned, plaintiff's sister testified: "I would go there occasionally, and I would see *what they didn't have.* I saw that the child was suffering from *malnutrition.* That was enough for anyone."

The trial judge gave credence to the testimony of plaintiff and her witnesses, and we see no good reason why his finding of facts should not be adopted on appeal.

Even if it be conceded that failure to support per se is not a legal ground for a separation, yet, in our opinion, the quarrelsome disposition and dictatorial manner of defendant in handling the funds of the community, his threats of personal violence to his wife, if she dared to disagree with him, his highly nervous and irritable condition, and his cursing and abuse of her have, not only inspired her with fear for her life, but have rendered their living together insupportable.

Such conduct on the part of defendant, independent of his nonsupport of his wife and child, constitutes, in our judgment, such cruel treatment and excesses as legally justify a separation from bed and board.

Judgment affirmed.