**146 So. 40**

**GASTRELL v. GASTRELL.**

**No. 29804.**

Jan. 30, 1933.

George Wesley Smith, of Rayville, for appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee.

BRUNOT, J.

This is a suit for an absolute divorce, and for the permanent custody and control of two minor children, aged, respectively, ten and six years, the issue of the marriage between the plaintiff and the defendant. There was judgment for the plaintiff as prayed for, and the defendant appealed.

The allegations of the petition with respect to the marriage, the children born of the marriage, the matrimonial domicile, and the defendant's removal therefrom on the date alleged, are admitted. All other allegations are specifically denied.

The petition charges that the defendant, regardless of her marriage vows, has, at vari-

ous times, and particularly on November 2, 1928, committed adultery with a man named Ed Parker at municipal No. 813, South First street, in the city of Monroe, La., and that he has not condoned the offense.

The defendant first ruled the plaintiff into court to show cause why a preliminary injunction should not issue restraining him from disposing of the community property, and why he should not be ordered to pay to defendant alimony pending the termination of the suit. For answer, the defendant denies the charge of adultery, pleads cruel treatment and abuses that compelled her to leave the matrimonial domicile; and, assuming the attitude of plaintiff in reconvention, charges the plaintiff with public defamation of her character, for which she prays for the dismissal of the plaintiff's suit, and for judgment in her favor, on her reconventional demand, decreeing a separation "a mensa et thoro" between them, and awarding her the custody and control of their minor children.

◼◼ It is conceded that the burden of proof is primarily upon the plaintiff to prove the alleged adulterous connection. When that fact has been satisfactorily established, it is the settled rule that the burden is shifted to one alleging the condonement of the offense to prove the condonement. It is also held in most, if not all, jurisdictions of this country that a declaration, which would otherwise be a public defamation, is justifiable if made upon reasonably probable cause. The authorities so holding are numerous; but it is not necessary to give citations here, for this case presents only questions of fact. The trial judge heard the witnesses, observed them while testifying, and resolved the facts adversely to the defendant. We have read the testimony carefully, and have reached the same conclusion.

◼ It is shown that the plaintiff is a conductor for the Missouri Pacific Railroad and is away from home most of the time, both day and night; that the co-respondent frequently visited Mrs. Gastrell, at her home, at night, during the absence of her husband; that the co-respondent and Mrs. Gastrell had been seen riding in the Gastrell car at night; that these and other related circumstances aroused the suspicion of the plaintiff; that the ten year old daughter of the plaintiff informed him that the co-respondent and her mother had often gone out riding in the Gastrell car, at night, during his absence, and, on their return to the house, he and her mother remained together in a bedroom adjoining the room in which the daughter slept, with the lights turned out, sometimes a part of the night, and at other times all night.

It is shown that on the night of November 2, 1928, the plaintiff unexpectedly arrived at his home, and a man answering the description of the co-respondent departed from his residence through a back window, jumped a rear fence, and ran off in the darkness.

Neighbors of the plaintiff testified that this man entered the house through the front door, and some of them observed his departure through the back window upon the arrival of the plaintiff.

It is shown that the plaintiff, a few days thereafter, found in the defendant's purse the following letter:

"Friday A. M.

"My Dear Sweet-heart

"I feel almost speechless this A. M. Im so Blue over the way I did last Evening. Forgive me Dear heart and be yourself with me. You will never no how Dear I love you but I will do all that I can from now on to show you that I love you & want you all the time. Please don't be so Differn it hurts my very soul.

"Hope to see this P. M.

"Your Best Love Devoted

"Ed."

The defendant's explanation of this letter, in the light of the testimony offered by the plaintiff, and her acts when confronted with it, is too unreasonable to impress any serious minded inquirer into the facts of the case. To meet this proof the defendant and the co-respondent emphatically deny the alleged adulterous intercourse, and seek to negative the effect of the damaging proof offered against the defendant by showing that her husband and the co-respondent had been friends; that her husband had introduced her to the co-respondent; and that her husband had received the co-respondent in their home as a welcome guest.

There is other testimony of kindred import, but of no more persuasive value. It is true that there is some conflict as to the time the incidents related by the plaintiff's daughter occurred and the date of the specific adulterous act alleged in the petition, but it must be remembered that the plaintiff alleges various acts of adultery, and the little girl related to her father the various nights the co-respondent had stayed alone with her mother in an adjoining bedroom with the lights turned

out. This testimony, coupled with the proven incidents of the night of November 2, 1928, and the letter quoted, supra, convinced the trial judge, as it does this court, that the adulterous connection alleged in the petition is proven beyond any reasonable doubt.

The judgment appealed from is therefore affirmed, at appellant's cost.