173 So. 748

**NEW v. NEW.**

No. 34104.

March 29, 1937.

N. F. Anderson and Cline, Thompson & Lawes, all of Lake Charles, for appellant.

S. W. Plauche and C. V. Pattison, both of Lake Charles, for appellee.

HIGGINS, Justice.

The wife sued her husband for separation from bed and board on the grounds of habitual intemperance and cruel treatment, and prayed for alimony and an attorney's fee.

The suit was filed on February 24, 1936, and due to the fact that defendant's attorney became confused in regard to the court's term, he failed to file an answer, and judgment by default was entered on March 16, 1936. On the same day, defendant's counsel discovered the action taken by plaintiff's attorney and hastily drafted a motion for a new trial and an answer to the merits, which he immediately filed. Both documents were prepared by the attorney, without the immediate assistance of his client. The court, after hearing the matter, granted a new trial, which plaintiff opposed, but, in this court, concedes it was a matter addressed to the discretion of the trial judge and that he had not acted unreasonably.

A few days later, the court permitted defendant to file a supplemental and amended answer, in which he categorically denied the allegations contained in paragraphs 3 to 12 of the petition, where the specific acts of cruelty and drunkenness were set forth, and where it was alleged also that plaintiff did not provoke them and was without fault, and that there had not been any reconciliation between the parties. Defendant also coupled a reconventional demand with this supplemental answer. To the supplemental answer, plaintiff filed a plea of estoppel and a motion to strike on the grounds that in the original answer defendant had admitted that there had been no reconciliation or condonation.

On March 24, 1936, the day the case was set for trial, the district judge granted leave to the defendant to file a second supplemental petition in which he abandoned his reconventional demand and pleaded two special defenses: (1) Reconciliation and condonation, and (2) mutual fault.

To this second supplemental and amended answer, the plaintiff also filed a plea of estoppel and "a motion to strike out." The case was then continued to March 27, 1936, when both pleas of estoppel and both motions to strike were argued, submitted, and overruled, and the case tried on its merits.

The district judge found that the plaintiff had proved the alleged specific acts of cruelty which were of such a nature as to render their living together insupportable, and also concluded that the defendant had failed to sustain the special plea of mutual fault, but was of the opinion that the plaintiff had failed to prove that there was no reconciliation or condonation, and dismissed her suit on that ground. She has appealed.

Counsel complains that the trial judge erroneously permitted defendant to amend his answer so as to set up special defenses. The plaintiff, in her petition, stated that she was in no way to blame for the alleged acts of cruelty and intemperance by her husband and that after the last offense there was no condonation thereof or reconciliation between them. These issues were therefore before the court. The trial judge permitted the amendments, the attorney representing the defendant having testified that he had hurriedly filed the original answer without an opportunity of having his client verify it, due to a mistaken idea as to the term time of court and the necessity for quick action on account of the default. New issues were not presented and the substance of defense was not changed. We see no reason to interfere with his ruling. Articles 330, 419, and 420, Code of Practice; Pothier, Treatise of Civil Procedure (Traite de Procedure Civile), chap. 2, § 1 (par. 4, No. 35, Bugnet's Ed. 1848); Domingeau v. Darby, 114 La. 1018–1021, 38 So. 815, and Chagnard v. Schiro (La.App.Orl.) 156 So. 58.

The record shows that plaintiff and defendant were married on September 22, 1934, and that there was no issue born of the marriage nor was there any community property acquired. Defendant is an exceptionally large man, being 6 feet 5 inches tall and weighing 265 pounds. He worked regularly on the docks through the week, but on Saturdays, Sundays, and holidays indulged in excessive drinking of alcoholic liquors; this having been his habit for a period of over fifteen years. In order to be companionable with him, his wife would sometimes drink whisky with him and his friends, but not to the point where she became intoxicated. The couple lived in the home of the wife's mother. On the evening of January 11, 1936, the defendant came home, after work, under the influence of liquor. He had made an appointment to take his wife to a dance but insisted on first going to get another couple in the automobile and later returning for her. His wife remonstrated with him, and after a few more drinks, he insisted on carrying out his plans. Upon further protest from the wife, he cursed, abused, and attempted to strike her. He only desisted when the wife's mother interfered to protect her daughter and finally called for the police. The police took the defendant away but did not confine him to jail, upon his promise that he would not go back to the house. As a result of this incident, the plaintiff was left in a highly nervous and hysterical condition.

It is our opinion that the defendant's abusiveness and cruelty to his wife on this occasion warranted the trial judge in his ruling that the plaintiff would be permitted to prove previous specific acts of cruelty and intemperance which she had condoned. The evidence on this score leaves no doubt that the defendant was most intemperate and while in an intoxicated condition, on two occasions, struck his wife with his fist, and on another occasion with a gun, severely injuring her and rendering her unconscious, necessitating medical attention.

The special defense of mutual fault is without merit. The most that can be said for the defendant's evidence on this score is

that his wife, in her anxiety to please him, made the error, on several occasions, of drinking with him and his friends.

■ Our view is in accord with the trial judge—that the evidence shows overwhelmingly that the defendant was guilty of such cruel treatment of his wife as to render their living together impossible and that the defendant failed to show that the plaintiff was quarrelsome and an intemperate woman. Plaintiff is, therefore, entitled to a separation from bed and board, unless it can be said that there was a condonation of the offense, or a reconciliation between them.

The plaintiff, her mother, and a neighbor testified that the last trouble happened on January 11, 1936. The defendant testified that the difficulty took place on January 4, 1936. It is our view that the evidence shows that January 11th is correct. Plaintiff and her mother testified that defendant only slept home one night after the occurrence and left the house on the evening of January 16th; and that on the night he was at home the couple occupied their regular bedroom. The mother states that she does not know what transpired during the night. The wife positively denies that there was a renewal of the marital relations, but the husband states that they cohabited on the night of January 12th. With reference to this issue, he testified as follows:

"Q. So you came back and stayed on January 12th. You didn't get your clothes then, did you? A. No.

"Q. Did you stay on the 13th? A. No; I slept at the office that night.

"Q. Did you stay on the 14th? A. No—The night of the 14th, I stayed at the Tourist Cabin.

"Q. And on the 15th, you came home and got your clothes, did you? A. Yes."

The husband also testified that the next night after the trouble, on January 11th, his wife became so drunk and quarrelsome that he and her mother had to stay up with her all night; and that as a result of her conduct he had to vacate the house and sleep elsewhere, in order to get rest so as to be in a condition to work.

In article 9 of the petition, it is alleged:

"That your petitioner and her said husband did not and have not resumed their marital relations as husband and wife on or since January 11, 1936."

In his original answer, the defendant replied to this article, as follows:

"Answering Article 9 of plaintiff's petition, defendant admits that he and his wife, plaintiff herein, have not resumed their marital relations as husband and wife, since January 11, 1936, but he specially avers that this was due to the unwillingness of said plaintiff, without any reason or cause therefor."

In the supplemental answer, the defendant denied the allegations that there was no reconciliation or condonation, and specially pleaded that they had cohabited.

According to the defendant's own testimony, after the difficulty on January 11, 1936, he was taken to the police station and remained away all night and the next day went to work. He also stated that the fol-

lowing night his wife was so inebriated and quarrelsome that it was necessary for her mother and himself to remain up with her practically all night. He further stated that, in order to get the proper rest to be able to work, he had to abandon the house and sleep elsewhere, as shown by the above quoted testimony.

■ The plea of condonement and reconciliation being an affirmative defense, the burden of proof rests on the defendant. Gastrell v. Gastrell, 176 La. 515, 146 So. 40; Martin v. Martin, 151 La. 530, 92 So. 46, and Terrell v. Boarman, 34 La.Ann. 301.

■ Since the defendant bore the burden of proving by a preponderance of the evidence this special defense and his own testimony shows that he did not have an opportunity to cohabit with his wife after the trouble, which corroborated his judicial admission or confession contained in his original answer, and also corroborated the wife's statement that the marital relation was not renewed, it is our opinion that there was no reconciliation between the parties or condonation of the offense by the wife.

■ It is well settled that forbearance of a wife in enduring cruel treatment of the husband should not be construed as reconciliation barring her action for separation from bed and board. Articles 152 and 153, Rev.Civ.Code; Lynch v. Lynch, 138 La. 1094, 71 So. 195; Balfe v. Balfe, 165 La. 283, 115 So. 489, and Terrell v. Boarman, 34 La.Ann. 301.

We conclude that plaintiff is entitled to a separation from bed and board on the grounds of cruel treatment.

■ Plaintiff is also claiming alimony and a reasonable attorney's fee. It appears that she has been married before and that she inherited over $2,000 in property from her first husband. The assets were converted into notes and cash. Before her second marriage, she gave her mother $300, and after her marriage $500, because the couple had not paid the mother any rent for occupying her home, although it had been promised. At the time of the trial, she had $150 in cash and a Chevrolet automobile which had been used as a family car. The husband is regularly employed and earns $50 per week. The trial judge awarded her $16.66 alimony per week pendente lite and $100 for attorney's fees for representing her in the case. Under the circumstances in the case, we see no reason to disturb his finding in these respects.

For the reasons assigned, the judgment appealed from is annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Mrs. Mary Gibbs, wife of Samuel E. New, and against the defendant Samuel E. New, decreeing a separation a mensa et thoro between them.

It is further ordered, adjudged, and decreed that the defendant, Samuel E. New, be and he is hereby condemned to pay his wife, the plaintiff, Mrs. Mary Gibbs, alimony in the sum of $16.66 per week, pending this suit; and to pay his wife, Mrs. Mary Gibbs New, the plaintiff, the sum of $100 as a reasonable attorney's fee for services rendered by her counsel in representing her in this case; defendant to pay all costs of court.