144 So.2d 195 (1962)
Reuben C. PACE
v.
Odette Terrebonne PACE, his wife.
No. 97.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rudolph F. Becker, Jr., New Orleans, for plaintiff and appellee.
Lenfant & Villere, Howard W. Lefant, New Orleans, for defendant and appellant.
Before REGAN, HEARD and McCLENDON, JJ.
ENOS C. McCLENDON, Jr., Judge ad hoc.
Reuben C. Pace obtained a separation from bed and board from his wife, Odette Terrebonne Pace, by default on April 15, 1958. This judgment granted to the wife the custody of their three minor children and awarded to her the sum of $50.00 per week for the support of herself and the children.
On May 4, 1959, one year having elapsed, Reuben C. Pace filed suit for final divorce alleging no reconciliation during that period. His wife answered alleging resumption of sexual relations on several occasions at the matrimonial domicile, 1632 River Oaks Drive, New Orleans, Louisiana, which residence had been occupied during that period by her and the three minor children.
After trial on the merits, Judge Rene A. Viosca of the Civil District Court of Orleans *196 Parish rendered judgment for the husband granting to him a final divorce, maintaining custody of the children with the mother, and ordering the payment of $50.00 per week to the mother for the support of the minor children.
From this judgment Odette Terrebonne Pace perfected this appeal.
The sole question for determination by this court is whether the trial judge erred in determining that there had been no reconciliation between these parties by virtue of the acts of sexual intercourse alleged by the defendant wife.
The evidence upon which the lower court based its decision consisted of the usual testimony of plaintiff that there had been no reconciliation between him and his wife between the date of the separation judgment and the trial date. In corroboration he produced a friend who testified that plaintiff had not told him of any resumption of marital relations between him and his wife and he knew of no reconciliation.
The defendant testified that the alleged acts took place at the family home on occasions when plaintiff would come there to deliver the weekly support checks. She further testified that he usually came at times when he well knew the two older children would be at school. By way of corroboration she testified that the plaintiff was more liberal on these occasions citing the record of payments made by him to exceed $50.00 per week several months during the year in question. The record confirms the fact that plaintiff paid $340.00 to defendant during December of 1958, $320.00 in October of 1958 and $250.00 or $260.00 several months.
The defendant could not give the dates on which the alleged acts of sexual intercourse took place and recalled only that the acts had taken place in various rooms of the house and once in a washroom adjoining the playroom.
Counsel for defendant-appellant contended that a party alleging a fact bears the burden of proving such fact by a preponderance of the evidence. Thus, he maintains, plaintiff had the burden of proving the allegation that there had been no reconciliation between him and his wife.
While it is certainly true as a general proposition of law that one alleging a fact bears the burden of proving that fact, the courts of this state have consistently held that the plea of reconciliation is an affirmative defense and the burden of proof rests upon the defendant. Martin v. Martin, 151 La. 530, 92 So. 46 (1922); New v. New, 186 La. 1017, 173 So. 748 (1937).
The same rule prevails regarding condonement once adultery or other ground has been proved by plaintiff. Gastrell v. Gastrell, 176 La. 515, 146 So. 40 (1933).
The trial judge obviously concluded, although no written reasons were assigned, that the defendant had failed to sustain this burden in this case. We can find no manifest error in this conclusion.
The judgment appealed from is affirmed.
Affirmed.