147 So.2d 668 (1962)
Frances Penney CARRIERE, Plaintiff and Appellee,
v.
Lawrence C. CARRIERE, Defendant and Appellant.
No. 700.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Simon & Trice, by J. Minos Simon & Phil Trice, Lafayette, for defendant-appellant.
Domengeaux & Wright, by Bob F. Wright, Lafayette, for plaintiff-appellee.
Before FRUGE, CULPEPPER and HOOD, JJ.
HOOD, Judge.
Plaintiff in this suit seeks a judgment decreeing a separation from bed and board between her and her husband on the grounds of cruel treatment. She also demands custody of the three minor children of the marriage, alimony or support for herself and the children and attorney's fees. The defendant answered denying the allegations of cruel treatment, but pleading in the alternative that plaintiff has condoned any wrongful acts which he may have committed. Defendant also filed a reconventional demand in which he prays for a judgment of separation from bed and board in his favor on the ground that his wife had abandoned *669 him. After trial of the case on its merits, the trial court rendered judgment in favor of plaintiff, decreeing the separation from bed and board and granting the plaintiff substantially all of the other relief which she sought. The defendant-husband has appealed from that judgment.
The parties were married in 1945 and since that time they have lived in various places in Oklahoma, Texas and Louisiana, with most of their moves being necessitated by the husband's employment. The matrimonial domicile had been in Lafayette, Louisiana, for two years prior to the institution of this suit on February 23, 1962. The testimony of both of the parties, however, discloses that their marriage has never been a happy one. On a prior occasion they separated for about three months after defendant struck plaintiff, but they subsequently became reconciled and resumed living together.
The last separation occurred on the day this suit was filed. The defendant was an officer in the Air Force Reserve and he was ordered to active duty in Panama for a two-week period, beginning about February 17, and ending on March 3, 1962. While he was away from home on that mission, plaintiff packed her belongings and went to the home of her parents in Oklahoma, taking with her the three children of the marriage, one of the two family cars and about $200.00 in cash.
Plaintiff testified that it was necessary for her to leave because acts of cruelty committed by her husband had rendered their living together insupportable. The substance of her testimony as to these acts of cruelty is: (1) that for about two years prior to the separation defendant absented himself from the home two or three week ends out of each month, and occasionally on every week end during the month; (2) that during that same period defendant left the home in his car early in the evening, two or three times each week, and remained away from home for several hours on each such occasion without letting plaintiff or any other member of the family know where he was going or when he expected to return; (3) that for a period of about two months immediately prior to the separation defendant refused to speak to plaintiff, that he communicated with her only when necessary, and then usually by relaying messages to her through the children; (4) that defendant had refused plaintiff's request that they celebrate their wedding anniversary together on December 22, 1961, assigning as his reasons for refusing to do so that he had an important flight to make with the Reserves, but that instead of making the flight defendant attended a drinking party with friends; (5) that shortly before the separation occurred, plaintiff had accepted an invitation to a jewelry party, and that as she started to leave her home she was informed by defendant, relayed to her through one of the children, that the door would be locked when she attempted to come back, whereupon she was compelled to change her plans and to remain at home; and (6) that defendant's conduct toward plaintiff has disturbed her emotionally and has affected her health to the extent that she frequently suffers severe headaches because of it. Her testimony, as to some of these facts at least, is supported by that of her fifteen-year-old son and by a physician who treated her prior to the separation.
Defendant denied leaving the home unnecessarily, and he denied leaving his family at night or on week ends without informing his wife or children of his whereabouts. He explained that as a member of the Air Force Reserve he was required to attend meetings out of town on one or two week ends per month, and that these requirements accounted for his absences from the home on many week ends. The lack of communication between him and his wife, he says, was as much her fault as his. He testified that he had an important flight scheduled for December 22, 1961, which was cancelled at the last minute because he had been drinking, but that he had tried unsuccessfully to call his wife earlier during the afternoon to inform her of his change in plans *670 and to invite her to attend the party with him. He explained that he had insisted that plaintiff remain at home instead of attending the jewelry party shortly before their separation because defendant's brother and his wife had planned to visit in their home that evening.
The question of whether the plaintiff or the defendant is entitled to a decree of separation from bed and board is one which must be determined upon the facts which have been presented, and a determination of the facts in a case such as this depends largely upon the veracity or credibility of the witnesses and the weight which is given to their respective statements. Since the trial judge observed the witnesses as they testified, he is in a better position to evaluate their testimony, and, accordingly, we defer very largely to his opinion and conclusions as to the facts. Arnold v. Arnold, 186 La. 323, 172 So. 172; Seeling v. Seeling, La.App. 4 Cir., 133 So.2d 161 (Cert. denied); Vinot v. Vinot, 239 La. 587, 119 So.2d 474; Clay v. Clay, 221 La. 254, 59 So.2d 180. The trial court did not assign written reasons for judgment, but it is apparent that he accepted the testimony of plaintiff as being a correct version of the facts, since judgment was rendered in her favor decreeing the separation from bed and board.
The jurisprudence of this State is established to the effect that behavior causing mental anguish, as distinguished from physical mistreatment, may constitute cruelty of such a nature as to render living together insupportable within the meaning of Article 138(3) of the LSA-Civil Code. Tourne v. Tourne, 9 La. 452; Moore v. Moore, 192 La. 289, 187 So. 670; Olberding v. Gohres, 107 La. 715, 31 So. 1028; Hansbrough v. Hansbrough, 153 La. 445, 96 So. 27; Allen v. Allen, 170 La. 100, 127 So. 378; Schneider v. Schneider, 214 La. 759, 38 So. 2d 732.
In the early decision of Tourne v. Tourne, supra, the Supreme Court said:
"A series of studied vexations and provocations on the part of a husband, without ever resorting to personal violence, might constitute that degree of cruel treatment and outrages which would form a just ground for a separation from bed and board."
Also, in Moore v. Moore, supra, where a suit for separation was based on the wife's excessive gambling, quarreling and spending beyond the husband's means, the court said:
"Cruel treatment, under the jurisprudence of this state, is not confined to physical mistreatment, abuse, or injury, but can, likewise, result from mental harassment alone arising from conduct that is the `very refinement of cruelty,' without either force or blows."
In our opinion the conduct of the defendant, as described by the plaintiff in her testimony, constitutes cruel treatment sufficient to entitle plaintiff to a decree of separation from bed and board. Although the explanations offered by defendant appear on the face of the record to be reasonable, the trial court apparently did not accept them, and since there is substantial evidence to support the conclusions reached by the trial judge, we feel that his findings should not be disturbed.
Defendant contends, however, that plaintiff, by remaining in the home and continuing to reside with him up to the time of the separation, has condoned any wrongful acts which he may have committed prior to that time. He contends that because of this condonation, plaintiff is barred from maintaining this action for separation. In support of this argument he cites Articles 152 and 153 of the LSA-Civil Code, and the cases of Humes v. McIntosh, 225 La. 930, 74 So.2d 167, Spence v. Spence, 162 La. 4, 110 So. 68 and Adams v. Adams, 196 La. 464, 199 So. 392.
The evidence shows that plaintiff did remain in the home until the separation occurred, *671 but that she and her husband have occupied separate rooms since December 22, 1961, and, as has already been pointed out, they have seldom spoken to each other since that time. Plaintiff explains that she endured the cruel treatment of her husband until December 22, 1961, because she thought it was for the best interest of the children for her to do so. She states that although she determined that she would have to leave on that date, she did not leave immediately because she was afraid that defendant would use violence toward her if she attempted to leave while he was there. She bases that fear on the fact that he had physically abused her on a prior occasion.
The jurisprudence is settled to the effect that the forbearance of a wife in enduring cruel treatment by the husband should not be construed as a reconciliation or a condonation of that treatment by the wife, barring the wife from demanding a separation from bed and board. New v. New, 186 La. 1017, 173 So. 748; Lynch v. Lynch, 138 La. 1094, 71 So. 195; Balfe v. Balfe, 165 La. 283, 115 So. 489; Terrell v. Boarman, 34 La.Ann. 301; Seeling v. Seeling, La.App. 4 Cir., 133 So.2d 161 (Cert. denied); Magliolo v. Magliolo, La.App. 1 Cir., 135 So.2d 616.
In Seeling v. Seeling, supra, the court said:
"It is well settled that the forbearance of a wife in enduring cruel treatment of the husband should not be construed as a reconciliation barring her action for separation from bed and board."
The First Circuit Court of Appeal in Magliolo v. Magliolo, supra, held that:
"A wife's continuous forbearance, patience, and endurance of the cruel treatment, excesses and outrages of her husband, long before complaining to the courts, cannot be confounded with or considered as a reconciliation, barring her action for separation from bed and board."
All of the cases cited by defendant on this issue relate to the condonation of acts of adultery, while this case involves only acts of cruelty. Also, the specific acts alleged or established in each of those cases occurred many years before the suit was filed, and the evidence showed clearly that there had been a reconciliation between the parties and a condonation by plaintiff. For that reason, we think the cases upon which defendant relies are not applicable here.
The defense of condonation was urged in the trial court and the trial judge obviously rejected it. The evidence is sufficient to support a holding that plaintiff did not condone the actions of her husband and, for that reason, we feel that the conclusion reached by the trial court as to that issue should not be disturbed.
No issue is raised on this appeal as to the award of custody of the children to plaintiff. Defendant does contend, however, that the award of alimony and support is excessive and should be reduced.
The evidence establishes that the defendant has a gross income of about $805.00 per month. He owes no large debts and, according to his own testimony, his net income amounts to approximately $527.00 per month. The trial court awarded plaintiff $175.00 per month for the support of her three children and $70.00 per month as alimony for herself. Under the circumstances presented here, we think the award is fair and reasonable.
For the reasons herein set out, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to defendant-appellant, Lawrence C. Carriere.
Affirmed.