HOOD, Judge.
In 1959, pursuant to a building contract entered into between defendant Gerald L. Knippers and Stanley I. Jamison, the latter constructed a residence building for defendant on a plot of ground owned by Knippers, in Sabine Parish, Louisiana. Jamison purchased materials for the build *795 ing from plaintiff, Bill D. Leslie d/b/a Leslie Lumber & Supply Company, the total cost of said materials being $4,205.56.
Plaintiff Leslie timely filed an affidavit in the Mortgage Records of Sabine Parish to preserve a materialman’s lien and privilege on defendant’s property for the amount claimed to be due for these materials. Leslie then instituted this suit against Knip-pers, the owner of the property, for the full amount claimed to be due on the account and for judgment recognizing the material-man’s lien and privilege. Defendant answered, alleging that the account has been paid in full by Jamison.
After trial on the merits, the trial court found that the account was subject to a credit of $1,700.00, due to a payment made by Jamison on November 2, 1959, but that the remaining balance had not been paid and was still due. Judgment, accordingly, was rendered by the trial court in favor of •plaintiff and against said defendant for the sum of $2,505.56, with recognition of the materialman’s lien and privilege claimed by plaintiff. Defendant has appealed from that judgment. No answer has been filed to the appeal by plaintiff.
Defendant contends that the trial court ■erred in refusing to credit to this particular account, in addition to the $1,700.00 credit ■which was allowed, a payment of $2,500.00 ■made by Jamison to plaintiff on September 17 or 18, 1959. He maintains that a larger sum of money was paid to plaintiff at that time, and that when that payment was made, Jamison instructed plaintiff to apply $2,500.-'0C of it to the Gerald L. Knippers account. Plaintiff admits that a sum of money was paid to him by Jamison at that time, but he denies that the payor specified that any part of the amount paid was to be credited to defendant’s account. On the contrary, plaintiff contends that the payment was made with the stipulation that it was to be credited to other accounts due by Jami-son.
The evidence shows that in September, 1959, Jamison was engaged in building at least five houses for different property owners. One of these houses was being built for the defendant, Gerald L. Knippers, and another was being built under an entirely separate contract for defendant’s brother, Glen Knippers. Jamison was indebted to plaintiff during that month for materials which he had purchased for use in all of these houses, and plaintiff kept a separate account for each construction job. When a payment was made to plaintiff by Jamison, the latter customarily designated the account to which the payment was to be credited.
On September 17 or 18, 1959, Jamison paid plaintiff the sum of $5,000.00 by check drawn on the former’s own account. Jami-son had received $3,000.00 from defendant Knippers on or about that date, but there is nothing in the record to show that Leslie was aware of that fact. Actually, the evidence does not show that any part of the funds which Jamison received from Knip-pers was used in making this $5,000.00 payment. Upon receipt of this last-mentioned payment, Leslie credited it to accounts due by Jamison as follows:
Fox Job -- $1,023.31
Addison Job- 650.05
Bryant Job- 881.20
Glen Knippers Job- 2,445.44
Total-$5,000.00
Jamison testified that at the time he made the $5,000.00 payment he specifically instructed Leslie to apply $2,500.00 of it to the Gerald L. Knippers job account, and that plaintiff had failed to do so. Leslie, on the other hand,- testified that the payment was applied to the accounts due by Jamison as he and Jamison agreed for it to be applied. Although Leslie does not remember the conversation which took place between him and Jamison on that occasion, he produced a copy of a receipt which he says he issued to Jamison at that time which shows that the $5,000.00 payment was credited to the accounts due on four of Jamison’s construction jobs, being the credits herein-above shown. This receipt shows that no *796 part of this payment was applied to the Gerald L. Knippers job account. Leslie testified that if Jamison had stipulated that a part of the $5,000.00 payment should be applied to the Gerald L. Knippers account, the receipt would have shown it and the credit would have been applied in that manner, that to the best of his knowledge Jamison knew the method used by plaintiff in issuing receipts and crediting accounts, and although he does not remember whether the receipt was handed to Jamison at the time it was issued, it was laid on the desk for him. Leslie also testified that statements were rendered to Jamison at the end of the month showing that the $5,000.00 payment had been credited to the four construction jobs, as shown on the receipt, and that Jamison did not protest the imputation of such payments until after this suit was instituted, more than a year after the indebtedness was incurred. See Romero & Sons Lumber Company v. Babineaux, La. App. 3 Cir., 151 So.2d 714. And, he stated that Jamison subsequently acknowledged to Leslie that he owed plaintiff the sum of $2,505.56 on the Gerald L. Knippers job, and he asked plaintiff to work out some “detail of payment” of the account.
 There is no dispute as to the law, the sole issue presented on this appeal being one of fact, that is, whether Jamison instructed plaintiff to apply a portion of the payment made on September 17 or 18, 1959, to defendant’s account. In resolving that issue the trial judge accepted the testimony of Leslie and rejected that of Jamison, holding that the payment had been credited by plaintiff in accordance with the directions given to him by Jamison, and that the latter had not specified that any part of the payment was to be applied to the Gerald L. Knippers job account. Since the trial judge was able to observe the witnesses as they testified, he is in a better position than we are to evaluate their testimony, and for that reason we defer very largely to his opinion as to the weight which should be given to their statements. Carriere v. Carriere, La.App. 3 Cir., 147 So.2d 668. In this case we think the evidence supports the conclusions reached by the trial judge.
We conclude, therefore, that at the time the $5,000.00 payment was made by Jamison he did not instruct plaintiff to credit a portion of the amount so paid to the job account of defendant, as contended by defendant herein, that there is a balance of $2,505.56 due on that account, and that the trial judge correctly rendered judgment in favor of plaintiff and against defendant for that balance, with recognition of a material-man’s lien and privilege affecting defendant’s property.
For the reasons herein assigned, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.