159 So.2d 344 (1963)
Walter C. WALKER, Plaintiff-Appellee,
v.
Hattie Faye Blocker WALKER, Defendant-Appellant.
No. 10055.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1963.
*345 Johnson, Morelock, Gatti, Egan & Cook, Shreveport, for appellant.
Love, Rigby & Donovan, Shreveport, for appellee.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
This is an action by a husband against his wife for a divorce predicated upon their living separate and apart continuously for a period of time exceeding two years, as authorized by the provisions of LSA-R.S. 9:301. The defense is a denial of their living separate and apart for the statutory period of time. Defendant, nevertheless, in reconvention, sought a judgment of separation based on the ground of abandonment, under the provisions of LSA-C.C. Art. 138(5), as well as alimony at the rate of $150 per month. After trial, plaintiff was awarded a judgment of divorce. Defendant's reconventional demands were rejected.
On defendant's motion, she was granted a devolutive appeal. Plaintiff-appellee has, in this court, sought a dismissal of the appeal on the ground that only a suspensive appeal may be taken from a judgment of divorce.
The motion to dismiss is without merit. An appeal, any appeal, under the *346 provisions of LSA-C.C.P. Art. 3942, from a judgment granting a divorce, taken within 30 days from the applicable date prescribed in LSA-C.C.P. Art. 2087(1)-(3), suspends the execution of the judgment. Under similar codal and statutory authorities (C.P. Art. 573 and Act 24 of 1930, § 1, now LSA-R.S. 13:4452), it was held, and we so hold here, that any appeal timely perfected from a judgment granting a divorce operates as a suspensive appeal and suspends the execution of the judgment until the appeal has been finally disposed of, whether it is called a suspensive or a devolutive appeal. Shipp v. Shipp, 182 La. 1019, 162 So. 760.
The conclusion is, therefore, inescapable that the motion to dismiss should be overruled.
The issues presented on the merits of this case are factual in character and, since the separation of the parties is conceded, relate necessarily to the period of such separation. Plaintiff and defendant separated during August, 1959, when plaintiff left the matrimonial domicile and took an abode elsewhere. According to plaintiff's testimony and that of witnesses sworn on his behalf, plaintiff and defendant have not since lived together as man and wife; nor have they cohabitated except in one instance during November or December, 1960, which instance, however, preceded by more than two years the institution of this action. A similar instance on which defendant asserts a reconciliation took place allegedly occurred in December, 1961. Defendant's testimony as to this instance is denied by plaintiff.
Where husband and wife are shown to have been separated and to have occupied separate domiciles for a time in excess of the statutory requirement of two years, as a basis for a divorce, the party who relies upon a reconciliation as a defense to an action for divorce has the burden of proof to establish such defense. Schneider v. Schneider, 209 La. 925, 25 So.2d 900; New v. New, 186 La. 1017, 173 So. 748; Martin v. Martin, 151 La. 530, 92 So. 46; Pace v. Pace, La.App. 4th Cir., 1962, 144 So.2d 195.
Where the unsupported testimony of a party having the burden of establishing a particular fact is contradicted by the testimony of the other party and the credibility of neither is attacked, in the absence of corroborating evidence or circumstances, it cannot be said that the party having the burden of proof has sustained that burden. Peters v. Great Atlantic & Pacific Tea Co., La.App. 2d Cir., 1954, 72 So.2d 562; Winford v. Wilson, La.App. 2d Cir., 1952, 59 So.2d 498.
We, therefore, conclude that the defendant has failed to establish, by a preponderance of the evidence, acts of marital relationship between her and her husband within the two-year period preceding the institution of this action, during all of which time the record establishes that they lived separate and apart continuously.
Where a husband predicates his action for a divorce on the ground that he and his wife have been living separate and apart continuously for a period of two years or more, the wife will not be awarded alimony unless she establishes, by a preponderance of the evidence, that she was not at fault. LSA-C.C. Art. 160; Moreau v. Moreau, La.App. 3d Cir., 1962, 142 So.2d 423.
The testimony in the record on the question of fault relates entirely to the defendant. Plaintiff's uncontradicted testimony is that he left his wife because of her violence and attack upon him, even with ice picks, knives, and firearms.
For the reasons assigned, plaintiff-appellee's motion to dismiss the appeal is overruled, and, on the merits, the judgment appealed is affirmed at defendant-appellant's cost.
Affirmed.