FRUGÉ, Judge.
This is a suit for separation from bed and board brought by a wife against her husband.
Plaintiff and defendant were married on August 12, 1934. One child was born of the marriage; she is now married. In 1959 defendant allegedly moved from the matrimonial domicile. In 1961 defendant allegedly moved back into the matrimonial domicile but relations between plaintiff and defendant remained strained. On October 18, 1963, plaintiff filed this suit for separation from bed and board on the grounds of cruelty, excesses, cruel treatment, intemperance and non-support. The trial judge dismissed the suit, holding that plaintiff did not prove her case against the defendant. From this judgment plaintiff appeals.
“The question of whether the plaintiff or the defendant is entitled to a decree of separation from bed and board is one which must be determined upon the facts which have been presented, and a determination of the facts in a case such as this depends largely upon the veracity or credibility of the witnesses and the weight which is given to their respective statements. Since the trial judge observed the witnesses as they testified, he is in a better position to evaluate their testimony, and, accordingly, we defer very largely to his opinion and conclusions as to the facts.” Carriere v. Carriere, La.App. (3rd Cir.), 147 So.2d 668, 670, and cases cited therein.
In the case before us the testimony is conflicting. Plaintiff’s case is based mainly on certain events which she alleges occurred on October 3, 1963. Plaintiff testified that on that evening defendant came home with a bottle of whiskey after having been drinking. Plaintiff testified that while she was brushing her teeth preparing for bed defendant took hold of her and shook her and cursed her. She testified that he continued to manhandle her, pushing her down on a kitchen chair and then on a sofa, holding her until her ribs began to hurt. Plaintiff stated that she then ran out of the house *644 and defendant followed her and threatened her with bodily harm. Plaintiff called other witnesses corroborating her statement that defendant threatened her with bodily harm. In her petition plaintiff alleged that defendant had struck her; however, at the trial plaintiff admitted that defendant had not struck her
Defendant testified that he had never struck his wife. He testified that on the night in question his wife was shouting in the back of the house. Defendant stated that he did not want the neighbors to hear his wife, so he took her by the arm and sat her down on the sofa in an effort to talk over their difficulties.
From the above evidence the trial judge concluded that plaintiff had not proven sufficient grounds occurring on the night of October 3, 1963, to substantiate a judgment of separation from bed and board. From a reading of the record we are convinced that the trial judge was not manifestly erroneous in his conclusion.
Plaintiff also contends that the trial court was erroneous in not awarding a separation based on the husband’s absenting himself from the matrimonial domicile for a period of two years and his subsequent periodic absences. Plaintiff argues that such constitutes cruel treatment.
The trial judge found that under the facts of this case the husband’s absences did not constitute cruel treatment. We can find no manifest error in this conclusion.
Insofar as the two year separation is concerned, the testimony is conflicting as to whether there actually was a two year separation. Nevertheless, after that separation defendant moved back into the matrimonial domicile and the parties were reconciled. Under such a situation the separation would not be a ground for separation from bed and board.
Plaintiff relies heavily on a decision of this Court, Carriere v Carriere, supra, for the proposition that absences from home without explanation constitute acts of cruel treatment sufficient to entitle a wife to separation from bed and board. But in the case before us the trial judge correctly-concluded that the husband’s periodic absences were not unexplained. The husband found it necessary to be away from home at night periodically because of his real estate business. This appears to have been well known to the plaintiff.
For the foregoing reasons the judgment of the district court is affirmed. Plaintiff is assessed costs of this appeal.
Affirmed.