ELLIS, Judge.
This is a suit for divorce, based on living separate and apart for one year, following a separation from bed and board.
The record reveals that plaintiff Helen Bridges Broyles was granted a separation from bed and board from her husband on February 26, 1965. The petition for divorce, alleging that no reconciliation had taken place between the parties, was filed on March 2, 1966, more than one year after the said judgment.
In his answer thereto, defendant Herbert Broyles alleged that there had been a positive and tacit reconciliation with resumption of marital relations on numerous times since the rendition of the separation from bed and board decree, and that therefore there has been an effective reconciliation entered into.
On the trial of the case, defendant testified that he had sexual relations with his *124 wife, after the separation judgment, on three occasions at his home, and on one occasion in an automobile on a country road.
Plaintiff denied that she had had any sexual relations with her husband at any time after the rendition of the separation judgment. She did testify that she had gone to his home, which had been the matrimonial domicile, on a number of occasions to pick up things which belonged to her or their children. She also admitted that she had sat in the same pew at church as did her husband, and that on one occasion prior to the separation judgment, she had gone with him to a drive-in where they had discussed a reconciliation. She denied that any such reconciliation had ever taken place.
In addition to her own testimony, plaintiff offered that of her mother and stepfather, who testified that plaintiff and her children made their home in a house provided by her mother in Kentwood, Louisiana. They further testified that they saw plaintiff several times a week, and that there had been no reconciliation between her and the defendant. They both testified that they knew that plaintiff had been to her husband’s home on some occasions after the judgment of separation to get some articles belonging to her or the children, and admitted that they did not know what plaintiff did every minute of the day.
Based on the above testimony, the district court awarded plaintiff a judgment of divorce, from which defendant has taken this appeal.
Defendant alleges that the district court erred in granting a divorce because plaintiff failed to establish a continuous separation of more than a year after the judgment of separation, and failed to establish that there was no reconciliation. He further alleged that the court erred in failing to presume cohabitation between the parties from the number of visits made by the plaintiff to defendant’s home following the separation judgment. Finally, it is alleged that plaintiff failed to carry the burden of proof required of her.
With reference to the first and third specifications of error, it is apparent that the plaintiff proved a prima facie case by her own testimony and that of her mother and stepfather. That she need not bear the burden of proving affirmatively that there had been no reconciliation is a well established principle of law in this state. The burden of proof rests with him who affirmatively alleges the existence of a fact. In this case, the defendant alleged the affirmative defense of reconciliation, and bore the burden of proving it. Pace v. Pace, 144 So.2d 195 (La.App. 4, 1962) and cases cited therein.
In proof of the claims of cohabitation and reconciliation, there is only the testimony of the husband, denied by the wife, and unsupported by corroborating circumstances. No attack was made on the credibility of the wife, and there appear to be some discrepancies in the testimony of the husband. Under those circumstances, defendant cannot be said to have borne the burden required of him by the law. See Walker v. Walker, 157 So.2d 476 (La.App. 2, 1963).
With reference to the issue of the presumption of cohabitation, defendant did not offer any authority to sustain his position that such a presumption exists following the rendition of a judgment of separation from bed and board. It is obvious from the holding in the Pace case, supra, that the converse is true. See also Article 188 of the Civil Code, relative to the presumption applicable to cohabitation following a judgment of separation in cases relating to legitimacy.
The district judge heard the witnesses in this case, and was satisfied that there was no reconciliation between the parties. We find that this conclusion is fully supported by the law and the evidence. The judgment appealed from is, accordingly, affirmed at appellant’s cost.
Affirmed.