DOUCET, Judge.
This is an action for separation from bed and board by Láveme C. Pardue against her husband C.E. “Bud” Pardue, on the grounds of cruel treatment. This matter also originally involved a child custody issue which was resolved by the trial court and is not at issue on appeal.
The couple was married on June 5, 1983, and Mrs. Pardue initiated this suit for separation on the grounds of cruel treatment on December 23, 1985. Mr. Pardue reconvened for a separation on the grounds of abandonment and alternatively cruel treatment. The matter was tried on February 13, 1986, and the court found that Mrs. Pardue was entitled to a judgment of separation and awarded $350.00 per month as alimony pendente lite. It is from this judgment that defendant appeals.
On appeal, defendant has specified two assignments of error, the first being that the trial court erred when it granted plain *709 tiff the separation based on cruel treatment. Defendant bases the above contention on the fact that there is no allegation or evidence of the dates of the alleged acts of cruelty. Additionally, defendant contends that the only evidence presented was the uncorroborated testimony of Mrs. Par-due and that this testimony was contradictorily denied by Mr. Pardue. We disagree.
Defendant cites several cases which stand for the proposition that uncorroborated testimony of one spouse as to cruel treatment without a specification of dates, when contradicted cannot serve as sufficient proof for a decree of separation, and that uncorroborated testimony of one spouse as to the other spouse’s alleged acts of violence, contradicted by that spouse, do not constitute a preponderance of the evidence required to justify a judgment of separation. However, the cases defendant cites all deal with uncorroborated testimony. In the instant situation, plaintiff’s testimony is corroborated. Gretchen Marie Adams testified that plaintiff has visited her on several occasions where she showed Ms. Adams her bruises and complained that defendant had physically abused her. Additionally, Mellisa Craft, plaintiff’s granddaughter, testified that she actually witnessed defendant strike plaintiff on one occasion. Furthermore, Ms. Craft testified that she has often noticed bruises on plaintiff’s face. Thus, as can be seen from the above, plaintiff’s testimony was corroborated. Thus, we find that the cases cited by defendant do not apply to the instant situation.
After having carefully reviewed the record, we find that there is ample evidence which supports the finding of the trial court. Moreover, “it is well settled that in the area of domestic relations much discretion must be vested in the trial judge, and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses.” Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir.1976). In the case at hand, the trial judge observed the witnesses as they testified and he was therefore in a better position to evaluate their testimony. We find that there was no abuse of discretion by the trial court and accordingly affirm the portion of judgment of the trial court granting a separation to plaintiff on the grounds of cruel treatment.
Defendant, in his second assignment of error contends that the trial court erred when it did not grant defendant the separation based on the ground of abandonment. Defendant bases the above on the contention that plaintiff abandoned him without lawful cause and that he was therefore entitled to the separation based on abandonment. We disagree.
“A lawful cause for leaving is a defense to a claim of fault based upon abandonment.” Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982). Moreover, “A single instance of cruel treatment by the other spouse may be sufficient to constitute lawful cause for leaving.” See Seymour v. Seymour, 423 So.2d 770 (La.App. 4th Cir.1982). After having found that plaintiff was subjected to cruel treatment by her husband, we conclude that plaintiff was justified in leaving the matrimonial domicile.
Defendant, in his second assignment of error also contends that because plaintiff lived with him after the alleged cruel treatment occurred, she condoned the actions. Defendant adds that because of this condonation, plaintiff is barred from maintaining this action. We disagree.
In Carriere v. Carriere, 147 So.2d 668 (La.App. 3rd Cir.1962) this very issue was presented and the court stated:
“The jurisprudence is settled to the effect that the forbearance of a wife in enduring cruel treatment by the husband should not be construed as a reconciliation or a condonation of that treatment by the wife, barring the wife from demanding a separation from bed and board. New v. New, 186 La. 1017, 173 So. 748; Lynch v. Lynch, 138 La. 1094, 71 So. 195; Balfe v. Balfe, 165 La. 283, 115 So. 489; Terrell v. Boarman, 34 La.Ann. 301; Seeling v. Seeling, La.App. 4 Cir., 133 So.2d 161 (Cert. denied); Ma *710 gliolo v. Magliolo, La.App. 1 Cir., 135 So.2d 616.
In Seeling v. Seeling, supra, the court said:
‘It is well settled that the forbearance of a wife in enduring cruel treatment of the husband should not be construed as a reconciliation barring her action for separation from bed and board.’
The First Circuit Court of Appeal in Magliolo v. Magliolo, supra, held that:
‘A wife’s continuous forbearance, patience, and endurance of the cruel treatment, excesses and outrages of her husband, long before complaining to the courts, cannot be confounded with or considered as a reconciliation, barring her action for separation from bed and board.’ ”
Thus, based on the foregoing, we find that any period of time plaintiff spent in the matrimonial domicile during the period in which the acts of cruel treatment occurred will not be construed as reconciliation or condonation. Thus, we find no merit in defendant’s argument.
Accordingly, based on the foregoing, we affirm the trial court judgment at appellant’s cost.
AFFIRMED.