The opinion of the court was delivered by
McEnery, J.
On March 24, 1894, the plaintiff brought suit against the defendant for separation from bed and board.
On May 17, 1894, the plaintiff discontinued this suit and she and her husband became reconciled and lived together until December 20, 1894, when the defendant husband abandoned the wife.
The present suit was filed January 25, 1895, alleging substantially the same causes that led to the bringing of the first suit. With this, suit is accompanied a demand for the setting aside of the sale of certain immovable property to one Stephens, alleged to have been made to defraud the community rights of the wife. There was judgment for defendant, rejecting her demands, both for the separation, and1 for setting aside the sale to Stephens.
None of the causes for the action of separation which existed, prior to the reconciliation, can now be urged, but if new causes have occurred the facts which existed prior to the reconciliation can be used as corroborative evidence. C. C. 152, 153.
No cause has arisen for a new suit since the reconciliation. In November following the date of the reconciliation, there was an alter- ' cation in their room at the house where they were boarding. But a. reconciliation followed this, and when the husband left the wife they affectionately parted.
The abandonment is a distinct cause for separation, and certain acts are required of the plaintiff before the decree can be rendered. C. C. 145.
The husband returned to New Orleans, but never went to the place where he had left his wife.
Her right to demand a separation for abandonment should be reserved, and also her action to rescind the sale nlade to Stephens,, which it is alleged was in fraud of her community rights.
It is ordered, adjudged and decreed, that the judgment against the wife, rejecting her demand for separation, be affirmed, reserving her rights to sue for separation on account of abandonment, and the judgment in favor of Owen Stephens be reversed, and one as in case of non-suit be entered, the defendant to pay costs of appeal.