(105 So. 18)

No. 26781.

### SCHOEFFNER v. SCHOEFFNER.

(May 25, 1925.  Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Divorce ☞171—Difference between present and original cause of action for separation held sufficient to defeat plea of res judicata.**

Where former cause of action for separation from bed and board was abandonment, judgment of dismissal is not res judicata in suit based on excesses, outrages, and defamation, in view of Civ. Code, art. 2286.

2. **Divorce ☞171—Spouse suing for separation for abandonment not precluded from later suing on other grounds.**

Since, in suit for separation for abandonment, law requires summons to be served on abandoning spouse, followed by order to return to matrimonial domicile, it would be inconsistent to sue at same time for separation on grounds of excesses and outrages, and failure to urge such grounds does not preclude plaintiff from setting them up in subsequent suit.

3. **Divorce ☞50—Reconciliation a condonation of acts prior thereto, but such acts may be shown in corroboration.**

Under Civ. Code, arts. 152 and 153, wife receiving husband after commencement of separation suit for abandonment thereby condones all prior transgressions and cannot base a later action thereon; but, if she shows sufficient acts since reconciliation, she may use former acts in corroboration.

4. **Divorce ☞93(3)—Petition held sufficient to state cause of action for separation from bed and board.**

Petition alleging remark of husband claimed to reflect on chastity of wife and acts of husband in playing part of detective, thus subjecting wife to suspicion, *held* sufficient under Civ. Code, art. 138, par. 3, to state cause of action for separation from bed and board.

5. **Divorce ☞130—Evidence held sufficient.**

Evidence in wife's suit for separation *held* to show that husband acted on unwarranted suspicions, and that remark was intended to reflect on wife's chastity.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit for separation by Mrs. Mary M. Schoeffner against Enoch Schoeffner. Judgment for plaintiff, and defendant appeals. Affirmed.

Weiss, Yarrut & Stich, of New Orleans, for appellant.

H. W. Robinson, of New Orleans, for appellee.

OVERTON, J.  Plaintiff brought this suit against defendant for a separation from bed and board, and for her half of the community property.  The grounds alleged by her for the separation consist of outrages, excesses, abuses, and public defamation.  She alleges, among other things, that during December, 1916, defendant struck her in the face, badly bruising and blackening her eyes, and causing her face to swell; that at the same time and place, he started towards the wood box to get a billet of wood with which to assault her, and was only deterred from striking her by the interference of her daughter, whom he also struck in the face; that he has cursed and abused her in the presence of her family so often and constantly that she cannot give the dates thereof, but the place was 7840 Poplar street, and the abuse alleged was charges against her chastity; that in 1917, when asked to give something toward the expense of running the house, defendant cursed her and brutally told her to go upon the streets to support herself; that on December 28, 1923, defendant brutally slandered her by declaring to his son, in reference to her, "You have another daddy now; your daddy is in the kitchen now," meaning a young man friend

of the family, who was then in the house; that during the months of November and December, 1923, defendant subjected her to suspicion, by ostentatiously playing detective around the house sneaking around the windows after nightfall, and creeping under the house, with the intent of disgracing and humiliating her and her daughters; that for two years past defendant has driven about the streets in an automobile with the woman with whom he lodges; and that, to specially worry and humiliate her, he has driven with this woman up and down the street in front of her (plaintiff's) residence.

During the year 1918, defendant left the matrimonial domicile, after all of the alleged acts and transgressions enumerated above had been committed, with the exception of the three last, that is to say, the one relating to the slander of plaintiff by declaring to her son that he had a second daddy in the kitchen, those relating to the playing of detective, and those with reference to driving the woman up and down the street in front of plaintiff's home. After her husband left, plaintiff did not sue him for a separation until August, 1922, when she brought suit against him for a separation from bed and board on the ground of abandonment. In obedience to one of the reiterated summonses, served upon him in that suit, to return to the matrimonial domicile, defendant returned to it, and his wife received him, the date of his return being October, 1923. As defendant obeyed the summons to return, a sufficient basis was thereby laid for the termination of the suit then pending, and in January, 1923, defendant filed an answer to the suit, in which he averred that he had returned in obedience to the summonses served upon him. The case was then tried and judgment was rendered for defendant dismissing plaintiff's demand.

At about the time the foregoing judgment was rendered, plaintiff filed the present suit for a separation, and defendant has filed against a part of it a plea of res adjudicata, and of estoppel, and against the remaining part an exception of no cause or right of action.

The plea of res adjudicata is directed against all acts, which are set forth as causes of action herein, which occurred prior to the rendition of judgment in the former suit. The plea of estoppel amounts to nothing more, in part, than to repleading in the form of an estoppel, the res adjudicata urged, and, in part, to a plea that plaintiff has condoned the acts, alleged to have been committed prior to his return to the matrimonial domicile, by causing him to be summoned to return, and by receiving him after he did return. The exception of no cause or right of action is directed against that part of the petition which sets out, as causes of action, the acts alleged by plaintiff to have been committed after defendant's return to the matrimonial domicile.

In our opinion the plea of res adjudicata is not well founded. For the plea to be well founded "the thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." Civil Code, art. 2286; Lassus v. Clarke, 134 La. 865, 64 So. 801.

[1, 2] In the case at bar, that part of the cause of action excepted to, under the plea of res adjudicata, is not the same as was the cause of action in the former suit. In the former, the cause was abandonment, whereas in the present suit, limiting the cause to that part excepted to, it is excesses, outrages, and defamation. This difference, we think, is sufficient to defeat the plea of res adjudicata. Defendant, however, contends that it is not, for the reason that all grounds which might have been urged to sustain the demand for separation in the first suit should have been urged therein, and, as the grounds here excepted to were available to plaintiff when the

first suit was filed, she should have urged them in that suit, and that, not having done so, she is now precluded from urging them, and cites in support of his position Brooks v. Magee, 126 La. 388, 52 So. 551, and Harvin v. Blackman, 121 La. 431, 46 So. 525. However, the doctrine contended for by defendant can have no application in the present instance. This is so, because in a suit for separation on the ground of abandonment, the law requires that three reiterated summonses shall be served from month to month on the spouse who has abandoned the matrimonial domicile; that these summonses must be followed by a judgment sentencing the spouse to return; and that notification of this judgment must be given from month to month, to the spouse sentenced to return, for three months consecutively. Since, therefore, the plaintiff in a suit for separation on the ground of abandonment must cause the absent spouse to be summoned and ordered to return to the matrimonial domicile, and as these summonses and order imply that, if such spouse does return, he or she, as the case may be, will be received by the spouse suing, it would be inconsistent for the latter to sue at the same time for a separation on the grounds of excesses, outrages, and defamation. Because of this inconsistency, the doctrine urged by defendant can have no application here. Hence, from no standpoint, do we consider that the plea of res adjudicata is good.

[3] While we do not consider the plea of res adjudicata good, yet we are of the opinion that the plea that plaintiff has condoned the acts and transgressions alleged to have been committed prior to the return of defendant is well founded. We so think, because plaintiff caused defendant to be summoned to return to the matrimonial domicile, and when he did return she received him. The question therefore is: To what extent may those acts and transgressions be considered, if at all, in the present case? The Civil Code, in this connection, provides as follows:

"Art. 152. The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action had been commenced.

"Art. 153. In either case the plaintiff shall be precluded from bringing his action; but he shall be at liberty to bring a new suit for causes arising since the reconciliation, and therein make use of the former motives to corroborate his new action."

Hence, in our view, plaintiff is precluded from basing her present action on the acts and transgressions committed prior to the reconciliation; but if she has shown acts committed since then, sufficient to give rise to an action for separation, she may use the former acts in corroboration. See, in addition to the articles of the Code cited, Cass v. Cass, 34 La. Ann. 611; Jolly v. Weber, 36 La. Ann. 676; O'Grady v. Larkin, 48 La. Ann. 853, 19 So. 740; and Hill v. Hill, 112 La. 770, 36 So. 678.

[4] We now reach the question as to whether plaintiff has alleged a cause, arising since the reconciliation, sufficient to sustain a suit for separation. The causes alleged by her, as arising since then, are the remark made by defendant to his son in reference to the man in the kitchen, and the act of defendant in playing the part of a detective around and about the house, thereby subjecting her to suspicion.

In our view, the exception of no cause of action should be overruled. When defendant said to his son, "You have another daddy now; your daddy is in the kitchen now," referring to a man then in the kitchen, this was equivalent to telling the son that the relations between his mother and the man in the kitchen were improper, in view of the fact that the son knew that the man in the kitchen and his mother were not husband and wife, and that defendant was still married to his mother. This interpretation of the remark is supported by the fact, alleged, that prior to that time, and during that time, defendant was doing detective work around the

house, which shows what was then in his thoughts. As plaintiff alleges that the statement made by defendant was a brutal slander, we think that the cause of action set out in the allegations under consideration is sufficient. Civil Code, art. 183, par. 3.

[5] The trial court at first sustained the plea of res adjudicata, but later set the ruling aside by admitting evidence under the charges against which that plea was directed to corroborate the acts charged since the reconciliation. The evidence so admitted, while it conflicts in some respects with defendant's version, shows that on numerous occasions defendant cursed plaintiff outrageously, using the vilest of terms; that on some of these occasions, after her anger had been aroused, she cursed him in return; that, on one of them, he struck her a severe blow under the eye, causing one side of her face to swell; that on another occasion, when she asked him for money, he refused, and in refusing told her that he did not care if she had to go out on the streets and make it. The evidence offered under the acts and transgressions, charged as having been committed since the date of the reconciliation, shows that defendant on returning home at night, before entering the house, was seen on one occasion holding on to the railing of the rear steps, looking through one of the windows to the house, and on other occasions peeping through the blinds to the windows. The evidence also shows that during the period that defendant was doing detective work around the house, his son, who was living in another state, but who was then on a visit to New Orleans, on learning that his father was in the house, went into his room to greet him; that defendant informed him that he did not care to talk to him, to go and talk to his second daddy, who was then in the kitchen, referring to a man then in the kitchen, by the name of Hugo, who leased a room over the garage, and who was a boarder in the house.

Defendant denies that he peeped through the windows, though admits that at times, upon returning home at night, he stood in the yard and on the sidewalk to hear what was going on in the house, before entering. He says that he did so, because he felt that the members of the family and some of the neighbors were scheming against him, and he wished to learn what was taking place. He admits that, when his son came in to greet him, he refused, after asking a question or two, to talk to him, and told the son to go talk to his second daddy in the kitchen. He denies, however, that he intended to reflect on his wife, and, in explanation of his remark and conduct, says that he thought his son should have made an attempt to see him before he did, and that Hugo was being treated better than he was.

Our examination of the record satisfies us that defendant, prompted by unwarranted suspicions, peeped through the blinds to the windows, as stated above; and that perhaps while he was prompted in part by resentment that he felt towards his son for not having made an effort to see him before, in making the remark made by him, relative to the son's second daddy, yet that this was not all that prompted the remark, for in our view it was prompted also by an intention to reflect upon the chastity of plaintiff, and this when there was no foundation for casting such a reflection, or thus slandering plaintiff.

Our conclusion is that plaintiff is entitled to a separation.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.