227 So.2d 656 (1969)
Ouida Bowen WOOD, Plaintiff-Appellee,
v.
Ollie Joel WOOD, Jr., Defendant-Appellant.
No. 2853.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1969.
*657 Vance Thompson, Alexandria, for defendant-appellant.
Gravel, Roy & Burnes, by Glynn W. Reynolds, Alexandria, for plaintiff-appellee.
Before TATE, FRUGÉ and SAVOY, JJ.
FRUGÉ, Judge.
This is an appeal from a denial of the reconventional demand of the defendant husband, plaintiff in reconvention, requesting that he be granted a separation from bed and board on the grounds of abandonment. Plaintiff wife, defendant in reconvention, did not answer defendant's appeal, and therefore her original prayer that she be granted a separation from bed and board cannot be considered.
Plaintiff and defendant, a couple who have been married for some thirty years, had a severe altercation on the night of February 5, 1969. As a result of this altercation, the plaintiff left the matrimonial domicile, taking the couple's only minor child, a lad of seventeen years of age. She then filed for a separation on the basis of cruel treatment. The husband reconvened for a separation from bed and board on the basis of abandonment. The trial judge denied a separation to both parties on the basis that they were mutually at fault in the altercation of the night of February 5, 1969.
Since the wife did not appeal the trial court's decision, nor did she answer the husband's appeal, the only question before this court is whether or not the wife had sufficient cause to abandon the matrimonial domicile. If so, then the husband cannot obtain a separation from bed and board on the basis of abandonment.
The parties were married on May 4, 1936. Their marriage has been a rocky one since its inception. They have lived with the husband's parents during the entirety of the marriage which has imposed some strain on their relationship. The husband's job with an oil company requires him to travel extensively, causing him to spend quite a bit of time away from home. His family life amounted to little or nothing, and the wife shouldered virtually the entire burden of rearing the family. This is reflected by the fact that both of the boys are hostile to and estranged from their father.
When the husband was at home he bickered and quarreled with his wife and children. The couple's two sons testified that the father had beaten the mother on several occasions. On one such occasion the husband was perturbed about the wife's constant entreaties for him to delay a hunting trip in order for him to have Christmas dinner with his family. He convinced his wife to refrain from making such entreaties with a blow to the head which left a permanent scar.
All of the acts of cruelty alleged by the wife, with the exception of the incident of February 5, 1969, occurred several years ago. These acts have clearly been condoned and forgiven. They can only be used to *658 corroborate acts of cruelty which have not been forgiven or condoned. Louisiana Civil Code Article 153; De Jean v. De Bose, 226 La. 600, 76 So.2d 900 (1954); Schoeffner v. Schoeffner, 158 La. 933, 105 So. 18 (1925). Therefore the events of February 5, 1969 viewed in light of previous acts of the parties will determine the disposition of this case.
Both parties agreed to the following basic facts concerning the quarrel. The appellant came home about 11:30 p. m. on the evening of February 5, 1969, after being gone all day. He immediately went to his bedroom and got into bed. The appellee then tried to talk to him but he refused to do so. The appellee then left the room and got a pistol and returned. The appellant took the pistol from her and their son, Woody (Ollie Joel Wood, III) entered the room and joined the fracas, hitting the appellant about the head several times with an eight inch open end wrench. The appellant then left the home to get medical assistance. When he returned his wife and son were gone.
The wife supplemented the above facts by contending that when she tried to talk to her husband about his mother's condition, he had the covers pulled over his face. When she turned the light on, he cursed and grabbed her, threw her around and yelled for her to shut up. She left the room and got the pistol to protect herself and when she returned he took the pistol and began beating her with it. Woody then joined the scuffle and managed to stop the appellant from beating her, by timely application of the open end wrench. The appellant ordered her out of the house in twenty-four hours and left.
The husband's version is that he came in late after visiting his mother in an Alexandria Hospital. He wanted to get some sleep because he had to get to work at 5:00 o'clock the next morning. When he refused to talk, his wife told him to get his stuff and get out. When he remained in bed she said, "I'll get you out", and left the room. She returned with a pistol and he attempted to take it away from her. While he was doing so, Woody hit him on the head several times with the wrench before he managed to get away.
Woody testified that he heard his parents fighting and when he entered their bedroom his father was beating his mother with a pistol. He tried to stop his father from beating his mother and succeeded in doing so. His father left the home and he and his mother left shortly thereafter.
The trial court did not indicate which version of the incident it believed. It is readily apparent, however, that there was adequate basis for finding that both parties were mutually at fault. The trial court held that the wife's abandonment of the matrimonial domicile was caused by the altercation of February 5, 1969, and since Mr. Wood was equally at fault in this altercation, he cannot use this abandonment as a basis for obtaining a separation from bed and board.
Louisiana jurisprudence has consistently held that when the husband and wife are equally at fault neither party can obtain a separation or divorce. Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591 (1956); Callahan v. Callais, 224 La. 901, 71 So.2d 320 (1954). There has been some criticism of this doctrine but the Supreme Court has declined to change it. The stated reason is that since both parties' misconduct is responsible for creating the situation, neither of them should benefit by it. That doctrine certainly seems apropos in the instant case in view of the appellant's present and past conduct.
In the instant case the appellant had a history of beating his wife. She testified that on the night in question he became enraged and grabbed her in an attempt to beat her again, but this time she decided to defend herself with a pistol. This backfired when the husband took the pistol and, when he was no longer endangered, began beating her with it until Woody stopped him. Then *659 the husband ordered her to leave the house within twenty-four hours. Woody's testimony that when he entered the room his father was beating his mother with a pistol corroborated his mother's testimony to that extent.
Accordingly, the trial court had ample basis for its finding that both parties were mutually at fault and there is nothing manifestly erroneous in its decision. To the contrary, its ruling is consistent with and supported by the evidence adduced at the trial.
For the foregoing reasons, the judgment of the trial court is affirmed at the appellant's cost.
Affirmed.