|1KLIEBERT, Chief Judge.
This is an appeal from the trial court’s ruling dismissing the wife’s rule to set permanent alimony. After a hearing on a rule by the wife to set permanent alimony the trial court rendered judgment finding the wife free of fault, but denied her permanent alimony because she failed to show she was then in necessitous circumstances. The husband appeals that portion of the judgment finding the wife was free of fault. For the reasons which follow, we affirm the trial court’s ruling.
In Roberts v. Roberts, 519 So.2d 229 (La.App. 5th Cir.1988) this Court held:
Under Art. 160 (now Art. 112) of the Louisiana Civil Code, a spouse must prove two things in order to receive permanent alimony: first the spouse requesting permanent alimony must show that he or she is in necessitous circumstances and the other spouse has the means with which to pay; and second, the spouse requesting permanent alimony must prove his or her own freedom from fault. (Citations omitted). Freedom from fault is a prerequisite to obtaining permanent alimony, and must be affirmatively proved by the spouse requesting permanent alimony. (Citations omitted).
Similarly here, to receive permanent alimony, the wife was required to show (1) that she was in necessitous circumstances, (2) her husband had the means to pay, and (3) her own freedom from fault.
|2Counsel for the wife did not appeal or brief the trial court’s finding that the wife failed to prove necessitous circumstances, nor do we find evidence of same in the record. Therefore, we affirm that portion of the judgment dismissing the wife’s claim for permanent alimony due to her failure to prove necessitous circumstances.
With respect to the wife’s fault, counsel for the husband argues that the wife’s admission of an extramarital affair in California constituted fault which barred her from receipt of permanent alimony. The wife’s counsel argues that even if the wife’s extramarital affair in California constituted fault the subse *745 quent reconciliation in Louisiana wiped the “slate clean.”
Prior to the commencement of the marital litigation in Louisiana, the litigants were domiciled in California, where in 1988 the parties were physically but not legally separated. The wife admitted an adulterous relationship during this separation. Although it can be inferred from the record that a suit was filed by the wife in California, there is no proof in the record of any judgment rendered therein or other action having been taken with respect to this suit or of any adulterous relationship by the wife.
Thereafter, in 1990, the husband was transferred to Destrehan, Louisiana. Mrs. Doran testified that he asked her several times to join him in Louisiana, but she was unable to do so because she was running the couple’s business.
The record shows that the wife did move to Louisiana from California in 1992 at the repeated urgings of the husband. These urgings were made in telephone communications and numerous cards and letters sent to the wife by the husband. Several of the cards and letters were read in evidence and clearly demonstrated a desire and intent by the husband to reconstruct their marriage. The wife testified that she moved to Louisiana to reconstruct the marriage. The husband denied that was his intent. The wife also testified that when she arrived in Louisiana she cohabited with the husband and established marital relations. The husband admits the cohabitation, but denies having marital relations. The wife moved |3out of the marital domicile when she found the husband was dating another woman. Six months living separate and apart was the grounds for divorce judgment granted by the Louisiana trial court.
LSA-C.C. Art. 104 provides: “The cause of action for divorce is extinguished by the reconciliation of the parties.”
The effect of a reconciliation between the parties is to effectively “wipe the slate clean” and make the issue of previous fault on the parties moot as to any cause of action subsequent to the reconciliation. O’Grady v. Larkin, 48 La.Ann. 853,19 So. 740 (La.1986). Humes v. McIntosh, 225 La. 930, 74 So.2d 167 (La.1954).
Although the evidence is inadequate to prove the alleged misconduct, there is ample evidence to support a conclusion a reconciliation occurred in Louisiana and thus wiped the slate clean. Accordingly, we affirm the trial court’s ruling and assess costs to the husband.

AFFIRMED.