671 So.2d 523 (1996)
August John DOANE, Jr.
v.
Natalie BENENATE, Wife of August John Doane, Jr.
No. 95-CA-0953.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
Rehearing Denied April 24, 1996.
*524 Jeffrey J. Goodwyne, Chalmette, for Defendant/Appellant.
Before BARRY, KLEES and BYRNES, JJ.
BARRY, Judge.
Natalie Benenate Doane appeals the denial of permanent alimony. We hold that Mrs. Doane's alleged fault was due to mental illness, reverse the judgment, and remand.

Facts
Mr. and Mrs. Doane married in 1978. Mr. Doane filed for a divorce based on living separate and apart for six months (La.C.C. art. 102). A divorce was rendered on August 30, 1994. Mrs. Doane filed for permanent alimony and alleged she was not at fault.
The court found Mrs. Doane was mentally troubled for years before the divorce, was under psychiatric care, and
(e)ven prior to her breakdown in 1988 Natalie Doane told August Doane that she did not love him and that she felt sorry for him.
The court held Mrs. Doane was not free from fault and not entitled to permanent alimony.
Mrs. Doane's appeal asserts that her continuing mental illness during the marriage precludes a finding of "fault."

Permanent Alimony
Freedom from fault is necessary for permanent alimony. La.C.C. art. 112; Allen v. Allen, 94-1090 (La. 12/12/94), 648 So.2d 359, 361.
A spouse claiming permanent alimony must show he or she was not at fault in the breakup of the marriage. Unkel v. Unkel, 26,650 (La.App.2d Cir. 3/1/95), 651 So.2d 382, 384.[1] That spouse need not be totally blameless and the trial court's finding of fact will not be disturbed unless manifestly erroneous. Unkel v. Unkel, 651 So.2d at 384.
Prior to repeal of former La.C.C. art. 138, fault was determined by analogy to the grounds for separation, i.e., adultery, habitual intemperance, excesses, cruel treatment or outrages, making living together insupportable, and abandonment. Allen v. Allen, 648 So.2d at 362. With repeal of La.C.C. art. 138 the only statutory "fault" is La.C.C. art. 103, which specifies adultery or a felony sentence punishable by death or hard labor. Id.
Because the statutory law does not specify "fault" as a basis to deny permanent alimony, "fault" is now determined according to our jurisprudence. Id. Legal fault consists of serious misconduct which caused the marriage's dissolution. Id.; Unkel v. Unkel, 651 So.2d at 384.
Mr. Doane testified he left the marital domicile in April 1993 because the marriage had declined, Mrs. Doane often said she did not love him, the couple did not communicate, and their sexual relations declined. He said Mrs. Doane asked him to leave on more than one occasion. He claims that Mrs. Doane's expressions of lack of love and her requests that he leave the domicile support the finding that Mrs. Doane was at fault.
Mrs. Doane submits that her conduct was caused by mental illness. Actions of one spouse toward another that normally constitutes cruel treatment are excused when involuntarily induced by a preexisting physical *525 or mental illness. Shenk v. Shenk, 563 So.2d 1000, 1003 (La.App. 4th Cir.1990);[2]Bettencourtt v. Bettencourtt, 381 So.2d 538, 540 (La.App. 4th Cir.), writ den. 383 So.2d 12 (La.1980); Courville v. Courville, 363 So.2d 954, 956 (La.App. 3rd Cir.), writ den. 365 So.2d 243 (La.1978).
Jurisprudence requires that the mental illness pre-date the misconduct. Miller v. Miller, 398 So.2d 1162 (La.App. 2d Cir.1981) considered whether the wife's psychological illness excused her fault in the separation (alimony was not at issue). Miller held that the wife's illness did not excuse her conduct of cursing her husband, pouting, sleeping in a separate bedroom and denying her husband sexual relations because the misconduct commenced long before the wife became ill.
However, reconciliation that follows misconduct which constitutes "fault" renders moot the issue of previous fault. Doran v. Doran, 94-259 (La.App. 5 Cir. 10/12/94), 645 So.2d 744, writ den. 94-2799 (La. 1/13/95), 648 So.2d 1342, did not involve mental illness but considered the effect of reconciliation to a party's fault. Doran affirmed dismissal of the wife's claim for permanent alimony because she failed to show necessitous circumstances, but in dicta considered the wife's fault where the couple lived together following her extramarital affair.
The effect of a reconciliation between the parties is to effectively "wipe the slate clean" and make the issue of previous fault on the parties moot as to any cause of action subsequent to the reconciliation. [Citations omitted.]
Doran v. Doran, 645 So.2d at 745.
The record establishes that Mrs. Doane had a schizoaffective disorder at the time of the separation. Mr. and Mrs. Doane testified that Mrs. Doane has been mentally ill and was hospitalized for a "breakdown" in 1988. Dr. Kenneth Purcell, psychiatrist, first examined Mrs. Doane in February 1990. He diagnosed a schizoaffective disorder and said Mrs. Doane had auditory hallucinations which affect her interpersonal relationships and decrease her ability to handle stress.
The record shows that Mrs. Doane's misconduct pre-dated the diagnosis of her mental illness. Prior to her 1988 hospitalization Mrs. Doane asked Mr. Doane to leave and said she did not love him and she married him out of pity and fear. Mrs. Doane testified it was her "other personality" that told Mr. Doane that she did not love him.
However, the Doanes lived together as husband and wife for six years after her 1988 breakdown and three years after she saw Dr. Purcell. Mr. Doane testified that after 1988 Mrs. Doane's statements became more frequent and she hit him. The parties reconciled after Mrs. Doane's initial misconduct. Mrs. Doane's post-1988 conduct caused Mr. Doane to leave.
Mrs. Doane's conduct was directly related to her illness. She had a "mental" breakdown in 1988; however, Mr. Doane lived with her until 1993. Her mental illness precluded a finding of fault. The trial court clearly erred by finding Mrs. Doane's at fault.
We reverse and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] This Court disagreed with Unkel on other grounds in Lacoste v. Lacoste, 95-2122 p. 2 (La. App. 4 Cir. 11/30/95), 665 So.2d 1229.
[2] This writer dissented in Shenk v. Shenk, 563 So.2d 1000 (La.App. 4th Cir.1990) because the record did not substantiate the mental illness.