SAMUEL, Judge.
Plaintiff, a widower, and defendant, a widow, were married in November of 1964. On February 13, 1967 plaintiff filed suit in the Civil District Court for the Parish of Orleans for a separation from bed and board on the ground of cruel treatment. The suit was allotted to Division “H” of that court. Mrs. Adams answered, denying the allegations of cruel treatment, and reconvened for a separation from bed and board, also on the ground of cruel treatment. After trial judgment was rendered on October 17, 1967 in favor of plaintiff granting him a separation from bed and board.
On June 11, 1968 Mrs. Adams filed a suit against her husband in the Civil District Court for the Parish of Orleans for a separation based on abandonment. That suit was allotted to Division “E” of the court. Her petition alleged the separation judgment of October 17, 1967. It further alleged a reconciliation between the parties on November 17, 1967 and an abandonment by Mr. Adams on November 18, 1967. To that petition the husband filed various exceptions, including particularly an exception of no right of action. The exceptions were heard and argued on June 28, 1968 at which time evidence was taken in connec *412 tion with the exception of no right of action. That evidence was concerned only with the question of whether or not a reconciliation had taken place as alleged. On July 2, 1968 the judge of Division “E” rendered judgment maintaining the exception of no right of action and dismissing the suit. No appeal was taken from that judgment and in due course it became final.
Subsequently plaintiff filed this suit against his wife seeking an absolute divorce under LSA-R.S. 9:302, which provides that when “ * * * there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board became final, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce.”, and alleging there had been no reconciliation between the parties. The defendant answered, averring a reconciliation had been effected between the parties on or about November 17, 1967 and alternatively reconvened for a separation on the ground of an abandonment which she alleged occurred on or about November 18, 1967. Plaintiff answered the reconventional demand, denying the factual allegations thereof, and later filed an exception of res judicata to the alleged November 18, 1967 reconciliation, averring that matter had been judicially and finally determined in Mr. Adams’ favor by the Division “E” judgment rendered on July 2, 1968 in Mrs. Adams’ suit for a separation.
The trial court overruled the exception of res judicata. On the day following the rendition of that judgment, and after a hearing on the merits, there was judgment on the merits in favor of the defendant, dismissing plaintiff’s suit at his cost, based on a finding that a reconciliation had taken place. Plaintiff has appealed.
In both this court and the trial court defendant’s only defense to her husband’s divorce action is the alleged reconciliation; she does not contend that, in the absence of that reconciliation, plaintiff is not entitled to a judgment of divorce as prayed for. Thus, the questions presented for our consideration are, alternatively: (1) whether or not the exception of res judicata properly was overruled; and (2) if that exception properly was overruled, whether the defendant has carried her burden (see Broyles v. Broyles, La.App., 197 So.2d 123; Pace v. Pace, La.App., 144 So.2d 195) of proving the alleged reconciliation did take place. We consider first the question of whether the exception of res judicata properly was overruled; for if the exception must be maintained, the alleged reconciliation cannot be considered (LSA-C.C. Art. 2287).
Res judicata is founded upon Civil Code Article 2286, which reads as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” LSA-C.C. Art. 2286.
In the instant case the reconciliation pleaded by the defendant is identically the same reconciliation she had pleaded in the suit for a separation filed by her against the present plaintiff on June 11, 1968. In both cases the substance of the testimony offered by plaintiff for the purpose of proving reconciliation was that on November 17, 1967 the two parties engaged in an act of sexual intercourse at the home of the wife.
Defendant contends that, although the maintenance of an exception of no right of action normally is considered a bar to subsequent proceedings involving the same parties and the same subject matter, the present case is an exception to that rule for the reason that the judgment maintaining the exception of no right of action in her suit for a separation was concerned with procedure only and not with the merits. Her counsel argue that under LSA-C.C. Art. 152 reconciliation can be used *413 solely and only as a defense to an action for divorce or separation and cannot support a new petition for separation. We do not agree with the argument.
It is true that LSA-C.C. Art. 152, which provides that the action of separation shall he extinguished by the reconciliation of the parties, is contained in Title IV, Chapter 4 of the Civil Code and that chapter is entitled “Of Objections to the Action of Separation from Bed and Board and of Divorce”. But we have been cited to no law, and know of none, which would prevent Mrs. Adams from seeking a judgment of separation in her favor upon sufficient allegation and proof of a reconciliation which has extinguished the prior judgment of separation. We are of the opinion that her suit for a separation was proper and that the exception of no right of action directed at the allegations of reconciliation was properly filed and heard. At that time her alleged cause of action was abandonment. However, in the absence of an alleged and proven reconciliation, she had no right to bring suit for a separation for the simple reason that she was already judicially separated. The July 2, 1968 judgment maintaining the exception of no right of action and dismissing the suit could have been based only on a factual finding by the trial judge, after a hearing on the merits of the alleged reconciliation, that no reconciliation had taken place. Accordingly, we conclude that all of the requirements necessary for res judi-cata under C.C. Art. 2286 are present and the exception of res judicata must be maintained.
For the reasons assigned, the judgment appealed from is annulled and reversed; the aforesaid exception of res judicata is maintained; and it is now ordered that there be judgment in favor of the plaintiff, Arthur R. Adams, Sr., and against the defendant, Nina Baudier Adams, decreeing a divorce “a vinculo matrimonii”, and forever dissolving the bonds of matrimony, presently existing between them. All costs are to be paid by the defendant-appellee.
Annulled and reversed.